# Exhibit F

6. The Seller is not acting in concert with any other entity or individual; and the Seller is not acting on behalf of the Company in an unlawful distribution of its common stock.

Based on the foregoing Seller's representations, and my own investigation (including reviewing the Company's annual and quarterly reports on the OTC Disclosure and News Service as well as their SEC filings prior), I am of the opinion that the issuance and proposed sale of these shares will be exempt from the registration requirements of the Act by reason of, and as provisioned by, the exemptions contained under Rule 144, as amended effective 2/15/08. No violation of law will occur because of the issuance and sale of these securities under Rule 144. However, the stock transfer agent may contact the Company to make a reliance determination in respect of this letter prior to reissuance without the restrictive legend, as discussed above.

In rendering the opinion, I have assumed without independent verification the following: (i) All signatures on documents I have examined in connection herewith are genuine, each signor is an authorized signor, all items submitted to me as originals are originals, and all documents submitted to me as copies conform with the originals; and (ii) all factual matters, each of the representations, warranties or statements in the aforementioned documents is true, accurate and complete in all material respects; and (iii) the parties are acting in good faith and without the intention to circumvent any securities laws. The law covered by the opinions expressed herein is limited to U.S. federal law.

Benjamin Bunker, Esq., has no interest in or special knowledge with respect to the Company and this opinion does not attest to the viability of the company or the marketability of these shares. Http://bunkerlawgroup.com/ is the website operated by Benjamin Bunker, Esq., and is part of his law practice. This opinion is rendered solely for the transfer agent, Company, and Seller's information in connection with the transaction specified above, and may not be relied upon by any others persons for any other purpose without express written consent. The broker/dealer may rely upon this opinion letter provided the Company is current in its filing requirements.

No attorney/client relationship is intended, or created by, this Opinion Letter; attorney is acting as independent, special counsel for this single transaction only.

Sincerely,

Benjamin L. Bunker, Esq.

BLB

3753 Howard Hughes Pkwy
Suite 200
Las Vegas
Nevada 89169


**THE BUNKER**
LAW GROUP, PLLC
—Small Business Solutions—

T: (702) 784-5990
F: (888) 460-8609
E: benbunker@bunkerlawgroup.com
W: www.bunkerlawgroup.com

March 23, 2017

VStock Transfer, LLC
18 Lafayette Pl
Woodmere, NY 11598

Re: Dolat Ventures, Inc. stock to be issued to Bryce Boucher

To Whom It May Concern:

I have been asked to render an opinion concerning the issuance, in a conversion, and proposed sale of 26,000,000 shares of Dolat Ventures, Inc., hereinafter referred to as the Company. These common stock shares are to be issued without restrictive legend and registered in the name of Bryce Boucher, hereinafter the Seller.

The Securities Act of 1933 (hereinafter the Act), as amended, provides a safe haven for these shares under the exemptions contained in Section 230.144, Rule 144(b)(1) as amended effective 2/15/08, as promulgated by the SEC, and discussed below.

I have been advised, and it appears, that the relevant facts are as follows:

1. The Seller acquired the shares to be sold in a transaction not registered under the Act. These shares stem from a Promissory Note issued by the Company to Executive Support and Services Group, Corp. ("ESSG"), dated October 13, 2015 for $14,115.00. On December 3, 2016, pursuant to an Assignment, ESSG assigned the entire debt to Anying Huang ("Huang"). On February 24, 2017, pursuant to a Debt Purchase and Assignment Agreement, Huang assigned $2,600.00 of the debt to the Seller. The Company acknowledged the assignment and authorized the issuance of the shares to the Seller. The Seller then executed a Conversion Notice whereby he elected to convert the $2,600.00 of debt into the 26,000,000 shares.

2. Seller is deemed to have owned the shares to be issued since October 13, 2015, and thus has been the beneficial owner for a period of at least twelve months per Rule 144(d)(1)(ii) since more than twelve months has elapsed.

3. The Seller is not an affiliate nor a control shareholder of the Company now or within the past 90 days, is not selling on behalf of an affiliate, and has a bona fide intention to sell these shares. Moreover, Huang is not nor has he been an affiliate of the Company at the time of assignment to the Seller, in the prior 90 days or any other time.

4. The converted shares may be issued to Seller without restriction and freely traded as the Company is not subject to the reporting requirements of section 13 or 15(d) of the Act, for at least 90 days, and more than twelve months has elapsed.

5. The Company is not now a shell company, nor has it been a shell company, as defined under the amended Act, and is traded on the OTC Pink with current information. It is this counsel's opinion that Rule 144(i) regarding unavailability of the exemption does not apply to the restrictive legend on the subject securities because this Company and its predecessor entities, if any, have not been shells and are non-reporting entities.

