UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| Plaintiff, ) | |
| V. ) | CIVIL ACTION NO. |
| SIMON PIERS THURLOW, ROGER LEON FIDLER, ) RICHARD ORAVEC, BRADLEY FIDLER, JOSEPH JORDAN, BRYCE EMORY BOUCHER, and ) WESTERN BANKERS CAPITAL, ) | 1:21-CV-7700 (VSB) |
| Defendants. ) | |

---

**DEFENDANT JOSEPH JORDAN'S ANSWER AND AFFIRMATIVE DEFENSES**

---

Defendant Joseph Jordan (hereafter referred to as the "Defendant") hereby files this Answer and Affirmative Defenses to the Plaintiff's Original Complaint and shows this Honorable Court as follows:

### I. DEFENDANT' ORIGINAL ANSWER

The Defendant files this Answer responding to the Plaintiff's Complaint as follows:

### SUMMARY OF THE ALLEGATIONS

1. The Defendant denies the allegations of paragraph 1 of the Complaint.

2. The Defendant denies the allegations of paragraph 2 of the Complaint.

3. The Defendant denies the allegations of paragraph 3 of the Complaint.

4. The Defendant denies the allegations of paragraph 4 of the Complaint.

5. The Defendant denies the allegations of paragraph 5 of the Complaint.

6. The Defendant denies the allegations of paragraph 6 of the Complaint.

7. The Defendant denies the allegations of paragraph 7 of the Complaint.

## VIOLATIONS

8. The Defendant denies the allegations of paragraph 8(a) of the Complaint.

9. The Defendant denies the allegations of paragraph 8(b) of the Complaint.

10. The Defendant denies the allegations of paragraph 8(c) of the Complaint.

11. The Defendant denies the allegations of paragraph 8(d) of the Complaint.

12. The Defendant denies the allegations of paragraph 9 of the Complaint.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

13. The Defendant states that Sections 20(b) and (d) of the Securities Act [15 U.S.C. §§ 77t(b) and (d)] and Sections 21(d)(1), (d)(3), and (d)(5) of the Exchange Act [15 U.S.C. §§ 78u(d)(1), (d)(3), and (d)(5)] speak for themselves.  The Defendant denies the remaining allegations of paragraph 10 of the Complaint, denies that the Plaintiff has the authority to bring this action and denies the allegations of paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

14. Defendant admits that this Honorable Court has jurisdiction over this case pursuant to: Sections 20(b) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b) and 77v(a)] and Sections 21(d) and (e) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].  The Defendant denies the remaining allegations of paragraph 11 of the complaint.

15. Venue is proper in the Southern District of New York pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa]. The Defendant denies the remaining allegations of paragraph 12 of the complaint.

**DEFENDANT**

16. Defendant admits that Mr. Thurlow, is age 59 years of age, and is a resident of Lutz, Florida, and a citizen of the United Kingdom. Defendant admits that Mr. Thurlow is, and has been for quite some time, the law clerk for Roger Fidler.  Defendant also admits that, prior to working as Roger Fidler's law clerk, Thurlow, acted as a consultant to various non US entities, mainly in Britain. Defendant also admits that Thurlow previously held a Series 7 license between approximately 1996 and 1998, and that he was briefly suspended by NASD for 90 days in 2000. The remaining allegations of paragraph 16 of the Complaint are denied by Defendant.

17. The Defendant admits that Mr. Fidler resides in Lutz, Florida, and that he is an attorney licensed to practice law in New York and New Jersey.  The Defendant also admits that Fidler served as counsel to DOLV in 2016 and 2017.  The Defendant cannot admit or denies the remaining allegations of paragraph 14 of the Complaint, because he does not have sufficient personal knowledge regarding such facts.

18. The Defendant admits that Mr. Boucher resides in the state of New Hampshire.  The Defendant cannot admit or deny the remaining allegations of paragraph 15 of the Complaint, because he does not have sufficient personal knowledge regarding such facts.

19. The Defendant admits the allegations of paragraph 16 of the Complaint.

20. The Defendant admits that Bradley Fidler is Roger Fidler's son.  The Defendant denies the remaining allegations of paragraph 17 of the Complaint.

21. The Defendant admits the allegations of paragraph 18 of the Complaint.

22. The Defendant admits the allegations of paragraph 19 of the Complaint.

## OTHER RELEVANT ENTITIES

23. The Defendant cannot admit or deny the allegations of paragraph 20 of the Complaint, because it does not have sufficient personal knowledge regarding such facts.

24. The Defendant cannot admit or deny the allegations of paragraph 21 of the Complaint, because it does not have sufficient personal knowledge regarding such facts.

## STATUTORY AND LEGAL FRAMEWORK

25. The allegations of paragraph 22 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

26. The allegations of paragraph 23 of the Complaint related to Section 5 (a) and (c) of the Securities Act state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

27. The allegations of paragraph 24 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

28. The allegations of paragraph 25 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

29. The allegations of paragraph 26 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

30. The allegations of paragraph 27 of the Complaint related to Rule 144 state legal conclusions that require no answer of Defendant, but to the extent that such allegations

require an answer, they are denied. The remainer of the allegations of paragraph 27 are denied by Defendant.

31. The allegations of paragraph 28 of the Complaint state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

## FACTS

32. The Defendant is without information to admit or deny that DOLV was formerly a mining business with interests in Sierra Leone. The Defendant denies the remaining allegations of paragraph 29 of the Complaint.

33. Defendant denies the allegations of paragraph 30 of the Complaint.

34. Defendant is without information sufficient to admit or deny the statements of paragraph 31 of the Complaint, that Oravec learned from a finder in China that DeQun Wang—a Chinese national - who owned a company that manufactured electric cars and batteries - was looking to publicly list his company, JB&ZJMY Holding Company, Ltd. ("JBZY"), in the United States. The allegation regarding 'reverse mergers' state legal conclusions that require no answer of Defendant, but to the extent that such allegations require an answer, they are denied.

35. The Defendant is without information sufficient to admit or deny that Oravec contacted Thurlow, on behalf of the Chinese company to see if Mr. Thurlow knew of any companies for sale. The remaining allegations of paragraph 32 of the Complaint are denied by Defendant.

36. The Defendant denies the allegations of paragraph 33 of the Complaint.

37. The Defendant denies the allegations of paragraph 34 of the Complaint.

38. The Defendant denies the allegations of paragraph 35 of the Complaint.

39. The Defendant denies the allegations of paragraph 36 of the Complaint.

40. The Defendant denies the allegations of paragraph 37 of the Complaint.

41. The Defendant denies the allegations of paragraph 38 of the Complaint.

42. The Defendant denies the allegations of paragraph 39 of the Complaint.

43. The Defendant denies the allegations of paragraph 40 of the Complaint.

44. The Defendant denies the allegations of paragraph 41 of the Complaint.

45. The Defendant denies the allegations of paragraph 42 of the Complaint.

46. The Defendant have insufficient information to admit the allegations of paragraph 43 of the Complaint therefore the Defendant denies them.

47. The Defendant denies the allegations of paragraph 43, Table 1 of the Complaint.

48. The Defendant denies the allegations of paragraph 44 of the Complaint.

49. The Defendant denies the allegations of paragraph 45 of the Complaint.

50. The Defendant denies the allegations of paragraph 46 of the Complaint.

51. The Defendant denies the allegations of paragraph 47 of the Complaint.

52. The Defendant denies the allegations of paragraph 48 of the Complaint.

53. The Defendant is without information sufficient to admit or deny that Oravec informed the Las Vegas Attorney that the Accounting Note was "the original acquired Debt from 2015." The Defendant denies the remaining allegations of paragraph 49 of the Complaint.

54. The Defendant denies the allegations of paragraph 50 of the Complaint.

55. The Defendant denies the allegations of paragraph 51 of the Complaint.

56. The Defendant denies the allegations of paragraph 52 of the Complaint.

57. The Defendant have insufficient information to either admit or denies the allegations of paragraph 53, therefore the Defendant denies them.

58. The Defendant denies the allegations of paragraph 54 of the Complaint.

59. The Defendant denies the allegations of paragraph 55 of the Complaint.

60. The Defendant denies the allegations of paragraph 56 of the Complaint.

61. The Defendant denies the allegations of paragraph 57 of the Complaint.

62. The Defendant has insufficient information to either admit or deny the allegations of paragraph 58, therefore the Defendant denies them.

63. The Defendant denies the allegations of paragraph 59 of the Complaint.

64. The Defendant denies the allegations of paragraph 60 of the Complaint.

65. The Defendant denies the allegations of paragraph 61 of the Complaint.

66. The Defendant denies the allegations of paragraph 62 of the Complaint.

67. The Defendant denies the allegations of paragraph 63 of the Complaint.

68. The Defendant has insufficient information to either admit or deny the allegations of paragraph 64, therefore the Defendant denies them.

69. The Defendant has insufficient information to either admit or denies the allegations of paragraph 65, therefore the Defendant denies them.

70. The Defendant has insufficient information to either admit or denies the allegations of paragraph 66, therefore the Defendant denies them.

71. The Defendant denies the allegations of paragraph 67 of the Complaint.

72. The Defendant has insufficient information to admit or deny that on April 7, 2017, Oravec posted a "press release," announcing a merger between DOLV and JB&ZJMY Holding Company, Ltd.  The remaining allegations of paragraph 68 are denied by Defendant.

73.  The Defendant has insufficient information to either admit or deny the allegations of paragraph 69, therefore the Defendant denies them.

74. The Defendant has insufficient information to admit or deny that Mr. Boucher bought another tranche of DOLV debt. Defendant also has insufficient information to admit or deny that by check dated April 10, 2017, Boucher paid Pivo $2,600 on behalf of the company, for the debt. The remaining allegations of paragraph 70 are denied by the Defendant.

75. The Defendant has information insufficient to admit or deny the allegations of paragraph 71, that on April 17, 2017, Mr. Oravec emailed the Las Vegas Attorney to ask the attorney if he could draft an opinion letter for Boucher. The Defendant denies the remaining allegations of paragraph 71 of the Complaint.

76. The Defendant denies the allegations of paragraph 72 of the Complaint.

77. The Defendant denies the allegations of paragraph 73 of the Complaint.

78. The Defendant has insufficient information to either admit or deny the allegations of paragraph 74, therefore the Defendant denies them.

79. The Defendant has insufficient information to either admit or deny the allegations of paragraph 75, therefore the Defendant denies them.

80. The Defendant denies the allegations of paragraph 76 of the Complaint.

81. The Defendant has insufficient information to either admit or deny the allegations of paragraph 77, therefore the Defendant denies them.

82. The Defendant denies the allegations of paragraph 78 of the Complaint.

83. The Defendant has insufficient information to either admit or deny the allegations of paragraph 79, therefore the Defendant denies them.

84. The Defendant denies the allegations of paragraph 80 of the Complaint.

85. The Defendant have insufficient information to either admit or deny the allegations of paragraph 81, therefore the Defendant denies them.

86. The Defendant has insufficient information to either admit or deny the allegations of paragraph 82, therefore the Defendant denies them.

87. The Defendant has insufficient information to either admit or deny the allegations of paragraph 83, therefore the Defendant denies them.

88. The Defendant denies the allegations of paragraph 84 of the Complaint.

89. The Defendant has insufficient information to either admit or deny the allegations of paragraph 85, therefore the Defendant denies them.

90. The Defendant denies the allegations of paragraph 86 of the Complaint.

91. The Defendant has insufficient information to either admit or deny the allegations of paragraph 87, therefore the Defendant denies them.

92. The Defendant denies the allegations of paragraph 88 of the Complaint.

93. The Defendant denies the allegations of paragraph 89 of the Complaint.

94. The Defendant has insufficient information to either admit or deny the allegations of paragraph 89, therefore the Defendant denies them.

95. The Defendant has insufficient information to either admit or deny the allegations of paragraph 90, therefore the Defendant denies them.

96.  The Defendant has insufficient information to either admit or deny the allegations of paragraph 91, therefore the Defendant denies them.

97.  The Defendant has insufficient information to either admit or deny the allegations of paragraph 92, therefore the Defendant denies them.

98. The Defendant denies the allegations of paragraph 93 of the Complaint.

99. The Defendant denies the allegations of paragraph 94 of the Complaint.

100. The Defendant denies the allegations of paragraph 95 of the Complaint.

101. The Defendant has insufficient information to either admit or deny the allegations of paragraph 96, therefore the Defendant denies them.

102. The Defendant has insufficient information to admit or deny that Oravec paid Fidler $59,875 for legal services on behalf of DOLV from the proceeds of the DOLV debt sales assigned to him by the Translator. The remaining allegations of paragraph 97 are denied by Defendant

103. The Defendant denies the allegations of paragraph 98 of the Complaint.

104. The Defendant denies the allegations of paragraph 99 of the Complaint.

105. The Defendant has insufficient information to either admit or deny the allegations of paragraph 100, therefore the Defendant denies them.

106. The Defendant denies the allegations of paragraph 101 of the Complaint.

107. The Defendant has insufficient information to either admit or deny the allegations of paragraph 102, therefore the Defendant denies them.

108. The Defendant has insufficient information to either admit or deny the allegations of paragraph 103, therefore the Defendant denies them.

109. The Defendant denies the allegations of paragraph 104.

110. The Defendant denies the allegations of paragraph 105.

111. The Defendant denies the allegations of paragraph 106.

112. The Defendant denies the allegations of paragraph 107.

113. The Defendant has insufficient information to either admit or deny the allegations of paragraph 108, therefore the Defendant denies them.

114. The Defendant has insufficient information to either admit or deny the allegations of paragraph 109, therefore the Defendant denies them.

115. The Defendant denies the allegations of paragraph 110.

116. The Defendant has insufficient information to either admit or deny the allegations of paragraph 111, therefore the Defendant denies them.

117. The Defendant denies the allegations of paragraph 112.

118. The Defendant denies the allegations of paragraph 113.

119. The Defendant has insufficient information to either admit or deny the allegations of paragraph 114, therefore the Defendant denies them.

120. The Defendant denies the allegations of paragraph 115.

121. The Defendant denies the allegations of paragraph 116.

## FIRST CLAIM FOR RELIEF

122. The Defendant denies the allegations of paragraph 117.

123. The Defendant denies the allegations of paragraph 118.

124. The Defendant denies the allegations of paragraph 119.

## SECOND CLAIM FOR RELIEF

125. The Defendant denies the allegations of paragraph 120.

126. The Defendant denies the allegations of paragraph 121.

127. The Defendant denies the allegations of paragraph 122.

## THIRD CLAIM FOR RELIEF

128. The Defendant denies the allegations of paragraph 123.

129. The Defendant denies the allegations of paragraph 124.

130. The Defendant denies the allegations of paragraph 125.

## FOURTH CLAIM FOR RELIEF

131. The Defendant denies the allegations of paragraph 126.

132. The Defendant denies the allegations of paragraph 127.

133. The Defendant denies the allegations of paragraph 128.

## FIFTH CLAIM FOR RELIEF

134. The Defendant denies the allegations of paragraph 129.

135. The Defendant denies the allegations of paragraph 130.

136. The Defendant denies the allegations of paragraph 131.

## SIXTH CLAIM FOR RELIEF

137. The Defendant denies the allegations of paragraph 132.

138. The Defendant denies the allegations of paragraph 133.

139. The Defendant denies the allegations of paragraph 134.

140. The Defendant denies the allegations of paragraph 135.

## PRAYER FOR RELIEF

The Defendant denies that the Plaintiff is entitled to any legal damages or relief, whatsoever.

I. Specifically, the Defendant denies that the Plaintiff is entitled to the relief requested by Prayer for Relief "I".

II. Specifically, the Defendant denies that the Plaintiff is entitled to the relief requested by Prayer for Relief "II".

III. Specifically, the Defendant denies that the Plaintiff is entitled to the relief requested by Prayer for Relief "III".

IV. Specifically, the Defendant denies that the Plaintiff is entitled to the relief requested by Prayer for Relief "IV".

V. Specifically, the Defendant denies that the Plaintiff is entitled to the relief requested by Prayer for Relief "V".

## II. DEFENDANT' JURY DEMAND

The Defendant hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## III. DEFENDANT' AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

Defendant did not know or show reckless disregard for whether their conduct violated the Securities Act of 1933 or Securities Exchange Act of 1934.

### Fourth Affirmative Defense

Plaintiff's claims are barred due to fraud.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrines of estoppel.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrines of laches.

### Eighth Affirmative Defense

Plaintiff's damages, if any, are not the proximate result of any alleged act or failure to act of Defendant; therefore, Plaintiffs are not entitled to recover from Defendant.

### Ninth Affirmative Defense

Defendants assert the defense that Plaintiffs have failed to add a necessary party to this litigation as required by Federal Rule of Civil Procedure, Rule 19.

### Tenth Affirmative Defense

The damages alleged by the Plaintiff, if any, were the result or caused by the acts or omissions of persons or entities other than Defendant.

### Eleventh Affirmative Defense

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that their answer be deemed good and sufficient and all claims by Plaintiff against Defendant be dismissed, with prejudice, and such other and further relief, legal and equitable, including attorney's fees, be awarded Defendant.

Dated: September 19, 2024                                *DEFENDANT Joseph Jordan*

## /s/ Roger L. Fidler

BY: Roger L. Fidler.
New York Bar Number 343954
ATTORNEY FOR DEFENDANT
WESTERN BANKERS CAPITAL, INC.
147 W 35th Street, Ste 1203
New York, NY 10001
(201) 220-8734
Rfidler0099@aol.com