

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

September 26, 2024

<u>**Via ECF**</u>

The Honorable Vernon S. Broderick
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:    SEC v. Thurlow, et al., No. 21 Civ. 7700 (VSB) (S.D.N.Y.)**

Dear Judge Broderick:

Plaintiff Securities and Exchange Commission ("SEC") respectfully requests leave to file a motion to strike, pursuant to Federal Rule of Civil Procedure ("Rule") 12(f), certain affirmative defenses asserted in the Answers filed by Defendants Simon Thurlow and Richard Oravec (DE 60, 62), Bryce Emory Boucher (DE 63), Joseph Jordan (DE 64), Western Bankers Capital ("WBC") (DE 65), Roger Fidler (DE 69, 70), and Bradley Fidler (DE 71). The Court, in a September 24, 2024 Order (DE 68), stated that the SEC should "request a court order" before filing "a response to an Answer or Answers" and cited Rules 7(a)(7) and 12(a)(1)(C). Although the Court did not address a motion under Rule 12(f), the SEC, in an abundance of caution, seeks leave to file such a motion on or before October 17, 2024, a date to which Defendants consent (DE 66).[1] The SEC further requests that, if the Court grants this request on or after October 17, the Court extend the SEC's deadline to file the motion until five business days after the date of the Court's order.

On September 15, 2021, the SEC filed its Complaint alleging that all Defendants participated in an unregistered securities offering and that all Defendants except Jordan and WBC further engaged in securities fraud. *See* DE 1 at ¶ 8. The Defendants moved to dismiss the action. *See* DE 36-37. On September 5, 2024, the Court denied the motion to dismiss. DE 51. The Defendants filed their Answers, all of which include identical bare-bones pleadings of affirmative defenses, including (i) that the Complaint fails to state a claim upon which relief can

---

[1] Under Rule 12(f), the SEC's motion to strike each Defendant's relevant affirmative defenses would be due 21 days after service of each respective Answer. Defendants Thurlow, Oravec, Boucher, Jordan and WBC filed their Answers on September 20, 2024, Defendant Roger Fidler filed his Answer on September 25, 2024, and, finally, Defendant Bradley Fidler filed his Answer on September 26, 2024. The SEC therefore requests leave to file a single consolidated motion to strike the relevant affirmative defenses in all Answers by October 17, 2024, the date on which the SEC's motion to strike the affirmative defenses in Bradley Filder's Answer would be due under Rule 12(f).

be granted, (ii) fraud, (iii) laches, (iv) waiver, (v) estoppel, and (vi) two defenses concerning causation of Plaintiff's "damages." *See, e.g.*, Thurlow and Oravec Answer (DE 60, 62) at 13-14. For the reasons set forth below, at least these six defenses are improperly asserted in this case and therefore should be stricken.[2]

A district court "may strike from a pleading an insufficient defense…." Fed. R. Civ. P. 12(f). The *Twombly/Iqbal* plausibility pleading standard applies to an affirmative defense, which may be stricken if it does not plausibly allege enough facts to support it. *See GEOMC Co., Ltd. v. Calmare Therapeutics, Inc.*, 918 F.3d 92, 97-98 (2d Cir. 2019); *see also SEC v. Laura*, No. 18 Civ. 5075, 2020 WL 8772252, at *2 (E.D.N.Y. Dec. 30, 2020) (plausibility standard applies in first step of Rule 12(f) analysis). Moreover, "an affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claim." *GEOMC Co.*, 918 F.3d at 98. "[P]rejudice may be considered and, in some cases, be determinative." *Id.* at 98-99; *see also SEC v. KPMG LLP*, No. 03 Civ. 671, 2003 WL 21976733, at *2 (S.D.N.Y. Aug. 20, 2003) (if "the defense is insufficient as a matter of law, [it] should be stricken to eliminate . . . delay and unnecessary expense"). Courts routinely grant SEC motions to strike legally insufficient affirmative defenses at the pleadings stage because "courts have expressed reluctan[ce] to permit affirmative defenses to go forward against a government agency like the SEC, where the agency is seeking to enforce a congressional mandate in the public interest." *SEC v. Am. Growth Funding II, LLC*, No. 16-cv-828, 2016 WL 8314623, at *3 (S.D.N.Y. Dec. 30, 2016) ("*AGF II*") (striking unclean hands defense) (citation omitted).

Here, the six affirmative defenses identified above are legally and/or factually insufficient and should be stricken. First, the Court has already decided that the SEC did state claims upon which relief can be granted, and thus the affirmative defenses to the contrary should be stricken. *See* Sept. 5, 2024 Order (DE 51). Next, the fraud and laches defenses cannot be asserted against the SEC because it brings its actions in the public interest, and Defendants cannot meet their burden of establishing any improper conduct rising to the level of a constitutional violation. *See*, *e.g.*, *SEC v. Rosenfeld*, No. No. 97 CIV. 1467 (RPP), 1997 WL 400131, at *2-3 (S.D.N.Y. July 16, 1997) (unclean hands generally cannot be asserted against the SEC); *United States v. RePass*, 688 F.2d 154, 158 (2d Cir. 1982) (laches may not be asserted against the government). Similarly, Defendants fail to allege any factual or legal basis for their fraud, laches, waiver, and estoppel defenses. *See, e.g., Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 422 (1990) ("Courts of Appeals have taken our statements as an invitation to search for an appropriate case in which to apply estoppel against the Government, yet we have reversed every finding of estoppel that we have reviewed. Indeed, no less than three of our most recent decisions in this area have been summary reversals of decisions upholding estoppel claims."); *SEC v. McCaskey*, 56 F. Supp. 2d 323, 326–27 (S.D.N.Y. 1999) (striking estoppel defense where there was "no basis in fact" and "no question of law which might allow defendants' estoppel defense to succeed"). Finally, the SEC does not seek "damages" or assert a claim for such here. The SEC seeks equitable and statutory remedies: injunctions, disgorgement and prejudgment interest, civil penalties, and penny-stock bars under the Securities Act of 1933 and the Securities Exchange Act of 1934. *See* DE 1 ¶ 10 (citing 15 U.S.C. §§ 77t(d)(2), (g)(1) & 78u(d)(3), (d)(5), (d)(7)).

---

[2] The SEC is reviewing the Defendants' remaining affirmative defenses and may seek to strike additional defenses.

The Hon. Vernon S. Broderick
September 26, 2024
Page 3

Allowing these insufficient affirmative defenses to remain will prejudice the SEC by needlessly lengthening and complicating discovery, any summary-judgment practice, and trial. Striking them will streamline the discovery needed in this matter and any dispositive motions and trial. *See, e.g., McCaskey*, 56 F. Supp. 2d at 326–27 (striking estoppel defense where it "would prejudice the SEC by needlessly lengthening and complicating the discovery process and trial of this matter"). Further, there would be no need to delay an initial conference under Rule 26(f) or initial disclosures under Rule 26(f)(1) while the SEC's motion to strike is pending. If the Court were to deny any portion of the SEC's motion, the parties could undertake supplemental discovery, if necessary, on the allowed defenses.

Accordingly, the SEC respectfully requests that it be granted leave to file a motion to strike certain of Defendants' affirmative defenses on or before October 17, 2024.

Respectfully submitted,

*/s/ Victor Suthammanont*
Victor Suthammanont

cc (via ECF):  Roger Fidler, Esq. (*Pro Se* and Counsel to Defendants[3])
     Joseph Siciliano, Esq. (Counsel to Defendants Thurlow and Oravec)

---

[3] The time has not yet elapsed for Defendant Fidler to file his letter concerning his representation of the Defendants and identifying which parties he represents. *See* DE 68 (setting October 1, 2024 deadline).