**ROGER L. FIDLER**
**Attorney at Law**
**1522 Gardner Drive**
**Lutz, Florida 33559**
**(201) 220-8734**
**(201) 464-7943 (Fax)**
rfidler0099@aol.com

VIA PACER

October 2, 2024

Hon. Vernon S. Broderick
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      RE: SEC v. Thurlow, et al. 1:21-cv-7700 (VSB)

Dear Judge Broderick:

      With respect as to which defendant in the above referenced action is represented by whom, please note that Joseph A. Siciliano, Esq. represents Simon Piers Thurlow and Richard Oravec, Joseph D. Jordan has decided to proceed *pro se*, and Bradley Fidler, Bryce Emory Boucher and Western Bankers Capital, Inc. ("WBC") are being represented by me. I am proceeding *pro se*.

      The rationale for allowing me to represent Bradley Fidler and Mr. Boucher who are individuals that have agreed in writing to waive the obvious conflicts primarily because they do not have the financial resources to hire competent counsel and I do have much knowledge of the facts in the case having assisted both of them with their document production and there is substantial agreement, even at this stage, on the nature of defenses I propose to assert. WBC is a corporation that must be represented by counsel and Mr. Jordan, also a defendant proceeding *pro se*, is the sole officer and director of the corporation, and would otherwise would wish to represent the corporation. Mr. Jordan, being in ill health, asked me to file the Answer to the Complaint due to lack of resources and his inability to locate affordable counsel and I agreed to represent the corporation since the defenses are substantially identical to those of the other defendants I am representing, as well as the positions taken so far by Mr. Jordan.

      The courts have noted that defendants have the right to knowingly and intelligently waive potential and actual conflicts with which multiple representations may present. See, United States v. Curcio, 680 F.2d 881 (2nd Cir. 1982). While *Curcio* presents in a criminal context, the nature of the inquiry pretty much states the nature of the undertaking that presents to this Court considering the apparent conflicts present in the instant case. Since the Court has requested that I present the rationale as opposed to the Court conducting a personal examination of the defendants, I note the following which I believe would be confirmed under oath by each of the defendants. They know what they and I have been charged with civilly by the SEC and on each item of the proposed defense which I intend to undertake, my client defendants are in agreement with those defenses and they each have, in their own way, the expertise and intelligence to waive any potential conflict which I have made a point of disclosing and engaging them to seriously consider. See, Conflicts Letters attached hereto under seal to protect the attorney-client communications contained therein.

  Mr. Boucher has been involved in the microcap market for at least thirty years as an investor, Mr. Jordan has similar experience which he will probably soon describe to Your Honor in connection with his *pro se* personal representation and my son has "dabbled" extensively in options trading when he has the funds, and is a student of the markets for about twenty years, albeit with mixed results. In short they are capable of making intelligent and informed decisions regarding the defenses and their representation. If the Court wishes further examination of their credentials as I have just outlined I can prepare declarations with them detailing their experiences although that was not possible in the time frame given for this response. In the alternative, the Court could conduct a personal examination of the individual defendants and Mr. Jordan as the representative of WBC that would however further deplete their cash resources which are problematic at best and would stress the health of Mr. Jordan who suffers from heart problems of a serious nature.

  I apologize for the slight delay in filing this letter setting forth the rationale for this representation but Mr. Jordan had technical problems sending me his waiver of conflicts letter due to problems associated with his fax machine and simultaneously dealing with his severely disabled son, Wesley. By the time I received that information I was exhausted and had to recover until I could continue presenting the requested matters in the early morning of the following day, today.

  For the reasons set forth above and based upon the waivers of the conflicts set forth in the attached letters the defendants, and I, request that I be allowed to continue their representation at least until the trial if summary judgment is not granted at which time I understand the court may wish to reconsider the situation. Thank you for your consideration of these matters.

                 Respectfully submitted,

                 /s/ Roger L. Fidler

                 Roger L. Fidler
                 Attorney for Bryce Emory Boucher,
                 Western Bankers Capital, Inc. and
                 Bradley Fidler

RLF/self

cc: All counsel through ECF