**ROGER L. FIDLER**
Attorney at Law
1522 Gardner Drive
Lutz, Florida 33559
(201) 220-8734
(201) 464-7943 (Fax)
rfidler0099@aol.com

October 1, 2024

Bradley Fidler
1522 Gardner Drive
Lutz, FL 33559

Dear Mr. Fidler:

This letter confirms that we have discussed the conflict of interests that exists with respect to my representation of you in the case in the United States Court in Southern District of New York captioned Securities and Exchange Commission, Plaintiff, vs. Simon Piers Thurlow, Roger Leon Fidler, Esq., Richard Oravec, Bradley Fidler, Bryce Emory Boucher, Joseph D. Jordan, and Western Bankers Capital, Inc., Case No. 1:21-cv-7700 (VSB). I am representing myself, you, Bryce Boucher and Western Bankers Capital Inc., a corporation owed and controlled by Joseph D. Jordan who is proceeding pro se at this time.

The New York Rules of Professional Conduct prohibit an attorney from representing a client when the attorney's personal interests conflict with those of the client unless the client consents. Consequently, I can only act as your lawyer in this matter if you give your informed consent based upon disclosure of the material risks of and reasonable alternatives to consenting.

In this case my personal interest may conflict with your interests as follows. I am representing myself while defending you and three other parties stated above. During the course of this case I will be making numerous decisions and making recommending to you and the other parties that I am representing regarding the extent of discovery to be pursued, the settlement positions to be taken, as well as decisions that concern what you testify about and whether to go to trial or not. I may be in a position where I could gain advantage by making many, if not all, of those decisions, and you may be put in a disadvantageous position by many of these decisions and recommendations.

Further you should consider the potential impact of the joint representation of not only myself but also the other defendant parties, including the potential impact of the joint representation on the attorney-client privilege. In joint representation, anything you tell us in confidence is subject to the attorney-client privilege as it relates to others. But, if litigation related to this matter arises later between you, there would be no attorney-client privilege in that litigation concerning anything that you shared with us. Further, by agreeing to this joint representation, you are authorizing us to share with each of you anything that you tell us separately relating to your joint representation, including what you tell me to defend myself.

1

Please consider this situation and decide whether or not you wish to consent to my representation of the other defendants, including myself, and you. New York law requires me to recommend that each of you consult with separate counsel in deciding whether or not your consent should be given. Whether or not you consult separate counsel is, however, up to you.

If you have any questions that you would like me to answer before you make a decision, please let me know. If, after such review as you believe appropriate, you decide to consent to my representation of you of the other defendants in spite of the limitations discussed in this letter, please sign and date the enclosed extra copy of this letter in the spaces provided and return it to me.

Very truly yours,

Roger L. Fidler

I hereby consent to the terms of representation set forth above.

Bradley Fidler

Dated: October 1, 2024