**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SECURITIES AND EXCHANGE COMMISSION,**

                  **Plaintiff,**

      **-- against --**                          **21 Civ. 7700 (VSB)**

**SIMON PIERS THURLOW,**                 **ECF Case**
**ROGER LEON FIDLER, ESQ.,**
**RICHARD ORAVEC,**
**BRADLEY FIDLER,**
**BRYCE EMORY BOUCHER,**
**JOSEPH D. JORDAN,**
**and WESTERN BANKERS CAPITAL INC.,**

                  **Defendants.**

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES

Abigail E. Rosen
Richard G. Primoff
Elizabeth Rosen
Victor Suthammanont
U.S. Securities and Exchange Commission
100 Pearl Street
New York, NY 10004
(212) 336-0473 (A. Rosen)
rosenab@sec.gov

October 17, 2024

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................ ii

**PRELIMINARY STATEMENT** ......................................................................................... 1

**RELEVANT PROCEDURAL HISTORY AND OTHER BACKGROUND** ......................... 2

**STANDARD OF REVIEW ON MOTIONS TO STRIKE** ................................................... 4

**ARGUMENT** .................................................................................................................... 6

I.   **THE COURT SHOULD STRIKE THE CHALLENEGED AFFIRMATIVE
     DEFENSES BECAUSE THEY ARE FACTUALLY AND LEGALLY
     INSUFFICIENT** ...................................................................................................... 6

    A.   The "Fraud" (Fourth) Defense Should Be Stricken ................................................ 6

    B.   The Estoppel (Fifth and Sixth) Defense Should Be Stricken ................................. 9

    C.   The Laches (Fifth and Seventh) Defense Should Be Stricken ............................. 10

    D.   The Waiver (Fifth) Defense Should Be Stricken ................................................ 11

    E.   The Damages (Eighth and Tenth) Defenses Should Be Stricken ......................... 12

    F.   The Joinder (Ninth) Defense Should Be Stricken ............................................... 13

    G.   The Commission Will Be Prejudiced If the Challenged Affirmative Defenses Are
    Not Stricken ................................................................................................... 15

**CONCLUSION** ............................................................................................................... 16

i

# TABLE OF AUTHORITIES

*Cases*

*In re Beacon Assocs. Litig.*,
No. 09-CV- 777-LBS-AJP, 2011 WL 3586129 (S.D.N.Y. Aug. 11, 2011) ..................7, 15, 16

*Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421 (S.D.N.Y. 2010) .............................5

*E.E.O.C. v. Kelley Drye & Warren, LLP*,
No. 10 CIV. 655 LTS MHD, 2011 WL 3163443 (S.D.N.Y. July 25, 2011) ...........................5

*Estate of Carberry v. IRS*, 933 F.2d 1124 (2d Cir. 1991) .................................................9

*FTC v. Day Pacer LLC*, No. 19-CV-1984, 2020 WL 12630538 (N.D. Ill. Feb. 2020)................11

*General Elec. Capital Corp. v. Armadora, S.A.*, 37 F.3d 41 (2d Cir.1994) ...................................9

*GEOMC Co. v. Calmare Therapeutics, Inc.*, 918 F.3d 92 (2d Cir. 2019)...................................4, 5

*Heckler v. Chaney*, 470 U.S. 821 (1985) .......................................................................14

*Heckler v. Community Health Servs. of Crawford Cty, Inc.*, 467 U.S. 51 (1984) ........................16

*Holmberg v. Armbrecht*, 327 U.S. 392 (1946)..................................................................10

*Jordan v. Can You Imagine, Inc.*, 485 F. Supp. 2d 493 (S.D.N.Y. 2007) ....................................11

*Lottie Joplin Thomas Trust v. Crown Publishers, Inc.*, 592 F.2d 651 (2d Cir. 1978) .......................10

*Marlow v. U.S. Dep't of Educ.*, 820 F.2d 581 (2d Cir. 1987)............................................14

*Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414 (1990) ......................................................9

*Rojas-Reyes v. INS.*, 235 F.3d 115 (2d Cir. 2000) ..........................................................9

*SEC v. Am. Growth Funding II, LLC*,
No. 16-cv-828, 2016 WL 8314623 (S.D.N.Y. Dec. 30, 2016) .........................................6, 7, 15

*SEC v. Badian*, No. 06-cv-2621, 2010 WL 1028256 (S.D.N.Y. Mar. 11, 2010)...............................12

*SEC v. BIH Corp.,* No. 2:10-CV-577-FTM-29, 2013 WL 1212769 (M.D. Fla. Mar. 25, 2013) ..12

*SEC v. Condron*, 1985 WL 2054 (D. Conn. June 11, 1985)............................................................8

*SEC v. Cuban,* 798 F. Supp. 2d 783 (N.D. Tex. 2011) ...................................................15

*SEC v. Culpepper*, 270 F.2d 241 (2d Cir. 1959)...........................................................12

*SEC v. Durante*, No. 01-cv-9056, 2013 WL 6800226 (S.D.N.Y. Dec. 19, 2013) ............................12

*SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53 (D. Conn. 1988)....................................5, 8

*SEC v. Finazzo*, No. M18-304 (KMW), 2008 WL 1721517 (S.D.N.Y. Apr. 11, 2008) ...............8

*SEC v. Follick*, No. 00-CV-4385-GWG, 2002 WL 31833868 (S.D.N.Y. Dec. 18, 2002) .............8

*SEC v. Goble*, 682 F.3d 934 (11th Cir. 2012) ...............................................................13

*SEC v. KPMG LLP,*
    No. 03 Civ. 671, 2003 WL 21976733 (S.D.N.Y. Aug. 20, 2003) ........................5, 7, 8, 15, 16

*SEC v. Laura*, No. 18 Civ. 5075, 2020 WL 1434114 (E.D.N.Y. Mar. 24, 2020)...................13, 14

*SEC v. Laura*, No. 18 Civ. 5075, 2020 WL 8772252 (E.D.N.Y. Dec. 30, 2020).....................5, 6

*SEC v. Lorin*, 1991 WL 576895 (S.D.N.Y. June 18, 1991).................................................7

*SEC v. Markman Biologics Corp.,*
    No. 2:23-CV-00288-APG-DJA, 2024 WL 1075358 (D. Nev. Mar. 11, 2024) .......................13

*SEC v. McCaskey*, 56 F. Supp. 2d 323 (S.D.N.Y. 1999)...............................................9, 10, 11, 15

*SEC v. Musella*, No. 97-cv-342, 1983 WL 1297 (S.D.N.Y. Apr. 4, 1983) ...................................7

*SEC v. Norstra Energy Inc.*, No. 15 Civ. 4751, 2016 WL 4530893 (S.D.N.Y. Jan. 19, 2016).....14

*SEC v. PacketPort.com,*
    No. CIVA 3:05CV1747 JCH, 2006 WL 2798804 (D. Conn. Sept. 27, 2006).........................11

*SEC v. Princeton Economic Int'l Ltd.,*
    No. 99 Civ. 9667, 2001 WL 102333 (S.D.N.Y. Feb. 7, 2001) .................................14

*SEC v. Rosenfeld*, No. 97-1467, 1997 WL 400131 (S.D.N.Y. July 16, 1997) ...........................7, 8

*SEC v. Sarivola*, No. 95 CIV. 9270 (RPP), 1996 WL 304371 (S.D.N.Y. June 6, 1996) .............11

*SEC v. Seahawk Deep Ocean Tech.*, 166 F.R.D. 268 (D. Conn. Feb.13, 1996)............................8

*Schechter v. Comptroller of City of N.Y.*, 79 F.3d 265 (2d Cir. 1996) ...........................5

*Town & Country Linen Corp. v. Ingenious Designs LLC*,
No. 18-CV-5075 (LJL), 2020 WL 3472597 (S.D.N.Y. June 25, 2020) ......................5, 6, 7, 13

*United States v. Angell*, 292 F.3d 333 (2d Cir. 2002) ............................................................10

*United States v. RePass*, 688 F.2d 154 (2d Cir. 1982) .........................................................9, 11

*United States v. Summerlin*, 310 U.S. 414 (1940) ................................................................10

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,
517 F. Supp. 3d 994 (N.D. Cal. Feb. 4, 2021) ................................................................6

## Regulations

5 U.S.C. § 701(a)(2) ........................................................................................................14

15 U.S.C. § 77t(d)(2) .......................................................................................................12

15 U.S.C. § 77t(g)(1) .......................................................................................................12

15 U.S.C. § 78u(d)(1) .......................................................................................................14

15 U.S.C. § 78u(d)(3) .......................................................................................................12

15 U.S.C. § 78u(d)(5) .......................................................................................................12

15 U.S.C. § 78u(d)(7) .......................................................................................................12

## Rules

Fed. R. Civ. P. 12(f) ..........................................................................................................4

Plaintiff Securities and Exchange Commission (the "Commission") respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"), to strike the Fourth through Tenth Affirmative Defenses (collectively, the "Challenged Affirmative Defenses") asserted in each of the Answers filed by Defendants Simon Thurlow, Richard Oravec, Roger Fidler, Bradley Fidler and Bryce Boucher, Joseph Jordan, and Western Bankers Capital, Inc. ("Western Bankers") (collectively, the "Defendants") (Dkt. Nos. 60, 62–65, 69–71).[1]

## PRELIMINARY STATEMENT

Defendants' Answers contain seven boilerplate affirmative defenses that simply name a legal doctrine—in many cases one that cannot be asserted against a government agency at all or except in extraordinary circumstances Defendants do not allege—and plead no facts in support. These Challenged Affirmative Defenses are factually and legally insufficient and should therefore be stricken, as many courts in this and other Districts have done when faced with the same affirmative defenses in Commission enforcement actions. If these defenses are not stricken, they will expand the scope and duration of discovery and likely create unnecessary discovery disputes on matters tangential to the Complaint's allegations and to any genuine defenses Defendants might have, as other courts have reasoned.

Defendants' Answers include the Challenged Affirmative Defenses that, without any factual explanation or support, assert (1) the Commission's claims are barred by "fraud," "estoppel," "waiver," and "laches," and the Commission's purported failure to "add [an

---

[1] Defendants Thurlow and Oravec filed the same answer twice, apparently once for each of them (Dkts. 60, 62). Roger Fidler filed his own answer twice (Dkts. 69, 70).

unnamed] necessary party" (the Fourth, Fifth, Sixth, Seventh, and Ninth Affirmative Defenses); and (2) Plaintiff's "damages" are not the "proximate result" of Defendants' conduct and/or were the result of conduct of others (the Eighth and Tenth Affirmative Defenses).

The Court should strike the Challenged Affirmative Defenses because, under settled caselaw, they are factually and legally insufficient to state a defense. *First*, the Challenged Affirmative Defenses are facially insufficient under settled Second Circuit caselaw because they are unsupported by even the barest factual support or explanation, which alone warrants that they be stricken. *Second*, the Court should strike the Fourth through Seventh and Ninth Affirmative Defenses ("fraud," "estoppel," "waiver," "laches," and "joinder" defenses) because these conclusory defenses are not available against the Commission, a federal government agency that has brought this enforcement proceeding pursuant to its statutory authority and in the public interest. *Third*, the Court should strike the Eighth and Tenth Affirmative Defenses because the Commission does not seek damages, but rather the equitable remedy of disgorgement (and other equitable relief), in addition to civil penalties under the relevant statutory provisions.

Absent the relief requested herein, the Commission will be prejudiced through the unwarranted expansion of discovery (and the resulting delay and waste of resources) into issues unrelated to the outcome of this proceeding. For these reasons, discussed in more detail below, the Court should grant the Commission's motion to strike the Challenged Affirmative Defenses.

## RELEVANT PROCEDURAL HISTORY AND OTHER BACKGROUND

The Commission filed its Complaint on September 15, 2021, alleging Simon Thurlow, Richard Oravec, Roger Fidler, Bradley Fidler and Bryce Boucher violated anti-fraud provisions of the federal securities laws by, among other things, falsifying documents and making material misrepresentations to attorneys and others in order to circumvent securities registration and

disclosure requirements designed to protect investors. *See* Cmplt. (Dkt. No. 1) ¶¶ 1-7. The Complaint also alleges that the Defendants, engaged in an unlawful offering of unregistered securities in violation of Section 5 of the Securities Act of 1933 ("Securities Act") in connection with the same scheme, and that these unlawfully unregistered sales generated $5.7 million in proceeds, approximately $1.9 million of which were funneled back to Defendants Thurlow, Roger Fidler, Oravec, and/or other parties related to them. *Id.*

Meanwhile, on May 24, 2021, before the Commission filed its Complaint, Defendant Roger Fidler (and two others not party to this case) commenced a federal district court action, naming the Commission and Commission staff, including Commission counsel in this proceeding, as defendants. *See Cohen, Proteonomix, Inc. and Roger L. Fidler v. Michael Alexander Koch, Heidi S. Mayor, Timothy Halloran, Victor Suthammanont, Laden Stewart, Sheldon Pollack* (sic)*, John Does 1 Through 20, and United States Securities and Exchange Commission*, No. 21-CV-11872-MCA (D.N.J.) (the "Fidler Action"). The complaint alleged that the Commission's investigation preceding the filing of the Complaint in this case was without basis and intentionally interfered with Roger Fidler's medical treatments. *See* Fidler Action, Dkt. No. 1, ¶¶ 38-39. On November 22, 2021, approximately two months after the Commission filed its Complaint, Roger Fidler voluntarily dismissed the Fidler Action. *See* Fidler Action, Dkt. No. 18. To the Commission's knowledge, he has not refiled that complaint or a similar complaint.

On December 21, 2021, Defendants in this action moved to dismiss the Complaint, and the Commission opposed the motion. Dkt. Nos. 36-42. By order dated September 5, 2024, the Court denied Defendants' motion to dismiss, holding that the Complaint "presented sufficient factual allegations to plausibly state its claims." Dkt. No. 51 (the "Order") at 2.

Defendants Thurlow, Oravec, Boucher, Jordan, and Western Bankers filed their Answers on September 19, 2024, and Defendants Roger Fidler and Bradley Fidler filed their answers on September 25 and September 26, 2024, respectively. The Challenged Affirmative Defenses, identical in each of the Answers, are as follows:

> **First Defense**: The Complaint fails to state a claim upon which relief may be granted.

> **Fourth Defense**: Plaintiff's claims are barred due to fraud.

> **Fifth Defense**: Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

> **Sixth Defense**: Plaintiff's claims are barred by the doctrines of estoppel.

> **Seventh Defense**: Plaintiff's claims are barred by the doctrines of laches.

> **Eighth Defense**: Plaintiff's damages, if any, are not the proximate result of any alleged act or failure to act of Defendant; therefore, Plaintiffs are not entitled to recover from Defendant.

> **Ninth Defense**: Plaintiff failed to add a necessary party to this litigation as required by Federal Rule of Civil Procedure, Rule 19.

> **Tenth Defense**: The damages alleged by the Plaintiff, if any, were the result or caused by the acts or omissions of persons or entities other than Defendant.

Dkt. Nos. 60, 62–65, 69–71.

## STANDARD OF REVIEW ON MOTIONS TO STRIKE

A district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), and the decision to do so is within the district court's discretion. *See GEOMC Co. v. Calmare Therapeutics, Inc.*, 918 F.3d 92, 99 (2d Cir. 2019). The pleading standard under *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* applies to an affirmative defense, which may be stricken if it does not plausibly allege

4

enough facts to support it. *See GEOMC*, 918 F.3d at 97-98 (2d Cir. 2019); *see also SEC v. Laura*, No. 18 Civ. 5075, 2020 WL 8772252, at *2 (E.D.N.Y. Dec. 30, 2020) (plausibility standard applies in first step of Rule 12(f) analysis). Moreover, "an affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claim." *GEOMC*, 918 F.3d at 98. "[P]rejudice may be considered and, in some cases, be determinative." *Id.* at 98-99; *see also SEC v. KPMG LLP*, No. 03 Civ. 671, 2003 WL 21976733, at *2 (S.D.N.Y. Aug. 20, 2003) (if "the defense is insufficient as a matter of law, [it] should be stricken to eliminate . . . delay and unnecessary expense").

Courts in the Second Circuit, furthermore, have long held that affirmative defenses that contain only "bald assertions" without supporting facts should be stricken. *E.E.O.C. v. Kelley Drye & Warren, LLP*, No. 10 CIV. 655 LTS MHD, 2011 WL 3163443, at *2 (S.D.N.Y. July 25, 2011) (citing *Schechter v. Comptroller of City of N.Y.*, 79 F.3d 265, 270 (2d Cir. 1996)); *see also Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-CV-5075 (LJL), 2020 WL 3472597, at *5 (S.D.N.Y. June 25, 2020) ("[A] party must 'support [its] defenses with some factual allegations to make them plausible.'") (quoting *GEOMC*, 918 F.3d at 98). The sufficiency of the defense is based exclusively on the face of the pleading. *See Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010). When "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim." *KPMG*, 2003 WL 21976733, at *2 (S.D.N.Y. Aug. 20, 2003); *see also SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988) (rejecting unclean hands defense, noting that the defense should be stricken because it was "irrelevant and frivolous" and noting that "its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense").

Courts routinely grant Commission motions to strike legally insufficient affirmative defenses at the pleadings stage because "courts have expressed reluctan[ce] to permit affirmative defenses to go forward against a government agency like the SEC, where the agency is seeking to enforce a congressional mandate in the public interest." *SEC v. Am. Growth Funding II, LLC*, No. 16-cv-828, 2016 WL 8314623, at *3 (S.D.N.Y. Dec. 30, 2016) ("*AGF II*") (striking unclean hands defense) (citation omitted); *see also Laura*, 2020 WL 8772252, at *3 (striking unclean hands and laches defenses); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 517 F. Supp. 3d 994, 998 & n.3 (N.D. Cal. Feb. 4, 2021) (striking unclean hands defense based on allegations of unreasonable delay by Commission in bringing suit and rejecting assertion that the "SEC's motion to strike is 'premature'").

## ARGUMENT

I.   **THE COURT SHOULD STRIKE THE CHALLENGED AFFIRMATIVE DEFENSES BECAUSE THEY ARE FACTUALLY AND LEGALLY INSUFFICIENT.**

A.   **The "Fraud" (Fourth) Defense Should Be Stricken.**

The Court should strike the Fourth Affirmative Defense, which reads in its entirety— without any explanation or supporting factual allegations—that "Plaintiff's claims are barred due to fraud." The Commission therefore has no way of determining whether there is any factual or legal basis for the defense, whether Defendants allege the Commission, its staff, or some non-party engaged in fraud, or whether the purported fraud is presented as a justification of or excuse for Defendants' conduct. In the absence of any explanation or factual support, this defense is not plausible and should be stricken. *See Town & Country Linen Corp.*, 2020 WL 3472597, at *5 (plausibility standard applies to affirmative defenses).

Even if the Court were to construe the "fraud" defense as one for "unclean hands," the same result is warranted, as such a defense requires Defendants to show that the Commission "engaged in outrageous or unconstitutional activity" that caused Defendants to suffer prejudice rising to a constitutional level. *AGF II*, 2016 WL 8314623, at *6 (citing *SEC v. Rosenfeld*, No. 97-1467, 1997 WL 400131, at *2 (S.D.N.Y. July 16, 1997)); *SEC v. Lorin*, 1991 WL 576895, at *1 (S.D.N.Y. June 18, 1991) (same). Defendants allege no facts to support an "unclean hands" defense, let alone any facts alleging prejudice resulting from a violation of their constitutional rights as a result of the Commission's conduct.[2]

The Court should strike Defendants' fraud defense, even if construed as an "unclean hands" defense, given its lack of necessary factual foundation. *See Town & Country Linen Corp.*, 2020 WL 3472597, at *13 (striking equitable defenses including estoppel, unclean hands, laches, and waiver because the defendant failed to plead facts to support their defenses and "would keep Plaintiffs guessing as to which affirmative defenses they intend to rely on, and how they intend to prove each of them"); *KPMG*, 2003 WL 21976733, at *2-4 (striking estoppel, waiver, and unclean hands defenses); *Rosenfeld*, 1997 WL 400131, at *2 (striking unclean hands defense and finding that, because defendants failed to allege "specific and concrete allegations" of the Commission's purported misconduct, "defendant will not be permitted to use the affirmative defense to engage in a 'fishing expedition' to discovery any potential prejudice") (citing *SEC v. Musella*, No. 97-cv-342, 1983 WL 1297, at *3 (S.D.N.Y. Apr. 4, 1983)); *In re Beacon Assocs. Litig.*, No. 09-CV-

---

[2] Defendants do not claim that they are relying on the allegations previously made in the Fidler Action. In any event, Fidler voluntarily dismissed that action and cannot now rely on those dismissed allegations to assert this defense.

777-LBS-AJP, 2011 WL 3586129, at *3-4 (S.D.N.Y. Aug. 11, 2011) ("[T]he defenses of laches and unclean hands, if available at all against the government, require that the misconduct be egregious and the resulting prejudice to the defendant rise to a constitutional level." (cleaned up)) (striking the defense); *SEC v. Follick*, No. 00-CV-4385-GWG, 2002 WL 31833868, at *8 (S.D.N.Y. Dec. 18, 2002) (dismissing unclean hands defense where defendants failed to allege prejudice).

Even if the Court construes the Fourth Affirmative Defense as an "unclean hands" defense, the Court should strike the defense for an additional reason: courts in the Second Circuit have held that a defendant may not assert the doctrine of unclean hands as an affirmative defense against a government agency like the Commission when that agency has brought suit in the public interest. *See, e.g.*, *Rosenfeld*, 1997 WL 400131, at *2-3; *Electronics Warehouse*, 689 F. Supp. at 73. District courts in this Circuit routinely apply this principle in entirely rejecting the defense where, as here, the Commission is acting to "further its congressional mandate to investigate potential violations of the securities laws." *KPMG*, 2003 WL 21976733, at *3; *SEC v. Condron*, 1985 WL 2054, at *1 (D. Conn. June 11, 1985) (same). "[T]here is a significant public interest in allowing government agencies, like the SEC, to enforce federal securities laws." *SEC v. Finazzo*, No. M18-304 (KMW), 2008 WL 1721517, at *5 (S.D.N.Y. Apr. 11, 2008); *see also SEC v. Seahawk Deep Ocean Tech.*, 166 F.R.D. 268, 272 (D. Conn. Feb.13, 1996) (noting the Commission "brings securities enforcement actions in the public interest of preventing widespread securities fraud…"). Here, the Commission seeks to hold the Defendants accountable for their unlawful conduct relating to their fraudulent scheme, including falsifying documents and material misrepresentations to avoid securities-offering registration requirements. This suit is

therefore directly in the public interest. Thus, the Court should strike the Fourth Affirmative Defense (fraud) for this additional reason.

**B.    The Estoppel (Fifth and Sixth) Defenses Should Be Stricken.**

To succeed on a defense of equitable estoppel asserted against the Commission, a defendant must prove (1) that the plaintiff made a material misrepresentation, (2) upon which the defendants relied, (3) to their detriment, and (4) the government's conduct was egregious and that the resulting prejudice to the defendants was of a constitutional magnitude. *See SEC v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999) (citing *General Elec. Capital Corp. v. Armadora, S.A.*, 37 F.3d 41, 45 (2d Cir.1994)). When a defendant asserts an estoppel defense against the government, it is only available "in the most serious of circumstances, and is applied with the utmost caution and restraint," such that it "will be applied only upon a showing of affirmative misconduct." *Rojas-Reyes v. INS.*, 235 F.3d 115, 126 (2d Cir. 2000) (cleaned up) (quoting *United States v. RePass*, 688 F.2d 154, 159 (2d Cir. 1982), and *Estate of Carberry v. IRS*, 933 F.2d 1124, 1127 (2d Cir. 1991)); *see also Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 422 (1990) ("Courts of Appeals have taken our statements as an invitation to search for an appropriate case in which to apply estoppel against the Government, yet we have reversed every finding of estoppel that we have reviewed. Indeed, no less than three of our most recent decisions in this area have been summary reversals of decisions upholding estoppel claims.").

Defendants' estoppel defenses (contained in the Fifth and Sixth Affirmative Defenses) consist of the bare assertion that "Plaintiff's claims are barred by the doctrines of estoppel" and thus fall well short of meeting the foregoing elements. Defendants have provided no factual allegations supporting their purported defense of estoppel and certainly have not alleged any facts suggesting that the Commission made any misrepresentations, much less that Defendants

detrimentally relied on any such misrepresentations or suffered resulting prejudice of a constitutional magnitude.

Moreover, as explained in Section G below, allowing the defense to remain would prejudice the Commission by needlessly lengthening and complicating the discovery process and trial of this matter. *See McCaskey*, 56 F. Supp. 2d 323 at 326-27 (striking estoppel defense on this basis); *see also FTC v. Day Pacer LLC*, No. 19-CV-1984, 2020 WL 12630538, at *2 (N.D. Ill. Feb. 2020) (striking defendant's estoppel defense because defendant had not pointed to any misrepresentation by the government).

Defendants here have not alleged any false or misleading statement by the Commission— they merely invoke the word "estoppel" with no facts or elaboration. Accordingly, the Court should strike the Fifth and Sixth Affirmative Defenses insofar as they allege estoppel because they are factually insufficient.

### C.    The Laches (Fifth and Seventh) Defense Should Be Stricken.

The defense of laches is an equitable doctrine, concerned principally with the fairness of permitting a claim to be enforced. *See Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946). A laches defense requires the defendant to demonstrate that (1) the plaintiff delayed unreasonably and inexcusably in commencing the action; and (2) the defendant suffered prejudice as a result. *Lottie Joplin Thomas Trust v. Crown Publishers, Inc.*, 592 F.2d 651, 655 (2d Cir. 1978).

The Court should strike the Fifth and Seventh Affirmative Defenses insofar as they allege laches because the Second Circuit has held that "laches is not available against the federal government when it undertakes to enforce a public right or protect the public interest." *United States v. Angell*, 292 F.3d 333, 338 (2d Cir. 2002); *see also United States v. Summerlin*, 310 U.S. 414, 416 (1940) ("[T]he United States is not . . . subject to the defense of laches in enforcing its rights.");

*United States v. RePass*, 688 F.2d 154, 158 (2d Cir. 1982) (laches may not be asserted against the United States). This principle applies to the Commission in its enforcement actions. *See McCaskey*, 56 F. Supp. 2d at 327 (striking laches defense); *SEC v. PacketPort.com*, No. CIVA 3:05CV1747 JCH, 2006 WL 2798804, at *4 (D. Conn. Sept. 27, 2006) (same); *SEC v. Sarivola*, No. 95 CIV. 9270 (RPP), 1996 WL 304371 at *1 (S.D.N.Y. June 6, 1996) ("The settled precedent in this circuit holds that laches is not an available defense in an SEC enforcement action seeking injunctive relief.").

Even if a laches defense were available in this case (and it is not), Defendants fail to allege facts demonstrating that a laches defense is plausible, much less that it could have merit. Defendants do not allege that the Commission unreasonably delayed in bringing this action, that Defendants were prejudiced as a result, or that the Commission relinquished any right connected to this litigation – intentionally or otherwise. In fact, Defendants allege no facts in connection with their laches affirmative defense – they simply invoke the word laches. For these reasons, the Court should strike Defendants' Fifth and Seventh Affirmative Defenses insofar as they allege a laches defense.

### D.    The Waiver (Fifth) Defense Should Be Stricken.

Waiver is defined as the "intentional relinquishment of a known right." *United States v. RePass*, 688 F.2d 154, 158 (2d Cir. 1982); *see also Jordan v. Can You Imagine, Inc.*, 485 F. Supp. 2d 493, 499 (S.D.N.Y. 2007) ("Waiver requires the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable."). Defendants allege no facts at all as to what known right the Commission has allegedly intentionally relinquished. Nor can they, as the Commission has not voluntarily and intentionally relinquished any claim brought in this action.

In any event, judges in this District have repeatedly held that a waiver defense is not available against the Commission. *See SEC v. Durante*, No. 01-cv-9056, 2013 WL 6800226, at *12 (S.D.N.Y. Dec. 19, 2013) (citing *SEC v. Culpepper*, 270 F.2d 241, 248 (2d Cir. 1959)); *SEC v. Badian*, No. 06-cv-2621, 2010 WL 1028256, at *2 (S.D.N.Y. Mar. 11, 2010).

Thus, the waiver defense is both factually and legally insufficient, and the Court should strike the Fifth Affirmative Defense insofar as it alleges waiver.

### E.    The Damages (Eighth and Tenth) Defenses Should Be Stricken.

Defendants allege, once again without any factual support or explanation, that "Plaintiff's damages, if any, are not the proximate result of any alleged act or failure to act of Defendant; therefore, Plaintiffs are not entitled to recover from Defendant" (Eighth Affirmative Defense), and that "[t]he damages alleged by the Plaintiff, if any, were the result or caused by the acts or omissions of persons or entities other than Defendant" (Tenth Affirmative Defense). These purported defenses are legally insufficient because the Commission does not seek damages in this proceeding, but rather the equitable and statutory remedies of injunctive relief, disgorgement of the unlawful proceeds Defendants received plus prejudgment interest, civil penalties, and penny-stock bars under the Securities Act and the Securities Exchange Act of 1934 ("Exchange Act"). *See* Dkt. 1 ¶ 10 (citing 15 U.S.C. §§ 77t(d)(2), (g)(1) & 78u(d)(3), (d)(5), (d)(7)).

For this reason alone the Court should strike these defenses. For example, in *SEC v. BIH Corp.*, the court struck the defendants' affirmative defenses regarding damages, including the defense that "[a]ny and all damages were caused by third parties over which [defendant] has no control" and "[n]o harm to the investors resulted from any acts or omission of [defendant]." No. 2:10-CV-577-FTM-29, 2013 WL 1212769, at *5 (M.D. Fla. Mar. 25, 2013). The court agreed

with the Commission that it was not seeking damages and therefore did not need to prove

"investor reliance, loss causation, or damages." *Id.* (citing *SEC v. Goble*, 682 F.3d 934, 943 (11th

Cir. 2012) ("Because this is a civil enforcement action brought by the SEC, reliance, damages,

and loss causation are not required elements.") (citations omitted)). Similarly, in *SEC v.*

*Markman Biologics Corp.*, the court struck the affirmative defense of "unjust enrichment" where

the Commission made clear that it was not seeking "forfeiture" or "damages" but rather a civil

monetary penalty and disgorgement and therefore argued that this defense did not apply. No.

2:23-CV-00288-APG-DJA, 2024 WL 1075358, at *4 (D. Nev. Mar. 11, 2024) (striking defense

without prejudice, in the event that the Commission amended its complaint to seek damages).

The court reasoned that the Commission would not retain the money. *Id.*

    Defendants' Eighth and Tenth defenses are thus legally insufficient because the

Commission does not seek damages here, and the defenses should therefore be stricken.

    **F.**    **The Joinder (Ninth) Defense Should Be Stricken.**

    Defendants' Ninth Affirmative Defense pleads that the Complaint must be dismissed

because of the Commission's failure to "add a necessary party to this litigation as required by the

Federal Rule of Civil Procedure, Rule 19." Defendants have not even identified the purported

party or parties they claim are required to be joined to this case under Rule 19, a pleading failure

that alone justifies that the defense be stricken. *See, e.g.*, *Town & Country Linen Corp.*, 2020 WL

3472597, at *5.

    But even had Defendants identified such purportedly necessary parties, the Court should

strike this defense, because "Congress entrusted the decision as to whether to institute

enforcement proceedings under the … Exchange Act to the SEC's discretion." *SEC v. Laura*,

No. 18 Civ. 5075, 2020 WL 1434114, at *4 (E.D.N.Y. Mar. 24, 2020); *see also* Exchange Act §

21(d)(1), 15 U.S.C. § 78u(d)(1) (providing that the decision to bring an enforcement action against a person is entrusted to the Commission's discretion). An administrative agency's discretionary election not to institute enforcement proceedings against a person is "presumptively unreviewable," absent a showing that the decision in question was "so extreme as to amount to an abdication of [the agency's] statutory responsibilities." *Heckler v. Chaney*, 470 U.S. 821, 832-33 & n.4 (1985); *Marlow v. U.S. Dep't of Educ.*, 820 F.2d 581, 582 (2d Cir. 1987); *see also* 5 U.S.C. § 701(a)(2) (excepting from judicial review "agency action [that] is committed to agency discretion by law").

Accordingly, "there is a long and consistent line of persuasive authority holding that Rule 19 generally cannot be invoked in SEC enforcement proceedings and … no court to have examined the issue has concluded otherwise." *Laura*, 2020 WL 1434114, at *4 (denying defendants' motion to dismiss for failure to join necessary party under Rule 19, and holding that "Rule 19 is presumptively inapplicable to SEC enforcement proceedings absent a showing of an abuse of discretion tantamount to an abdication of the agency's statutory responsibilities," where defendants did "not even meaningfully attempt to meet this standard"); *see also SEC v. Norstra Energy Inc.*, No. 15 Civ. 4751, 2016 WL 4530893, at *1 (S.D.N.Y. Jan. 19, 2016) (denying defendant's motion to require the Commission to join an identified person or for the complaint to be dismissed, and noting that "courts have generally concluded that defendants cannot employ Rule 19 to force the SEC to sue other parties or face dismissal in enforcement actions," and that in order to rebut the presumption a party "must show that the SEC's decision was 'so extreme as to amount to an abdication of its statutory responsibilities'"); *SEC v. Princeton Economic Int'l Ltd.*, No. 99 Civ. 9667, 2001 WL 102333, at *1 (S.D.N.Y. Feb. 7, 2001) (denying defendant's motion to dismiss based on Rule 19, because "[t]he SEC and the CFTC are the sole architects of

14

their enforcement proceedings and [Defendant] may not circumvent the exercise of agency discretion through compulsory joinder rules," and "determinations by regulatory agencies, such as the SEC and CFTC, about which parties to name in an enforcement action are presumed immune from judicial review").

Here, Defendants have not even identified the person or persons whose joinder is purportedly necessary to this proceeding, much less made any showing that in failing to join these parties, the Commission has abdicated its responsibilities. The Court should therefore strike Defendants' Ninth Affirmative Defense.

### G.    The Commission Will Be Prejudiced If the Challenged Affirmative Defenses Are Not Stricken.

Defendants should not be permitted to assert—particularly without any alleged factual basis—affirmative defenses that are categorically unavailable (such as laches, waiver, and damages) or available only in extraordinary circumstances not alleged here (such as estoppel and fraud) to engage in a fishing expedition into the Commission's opinions and conduct that will interfere with the resolution of the allegations against Defendants. Courts in this District have consistently rejected similar attempts by defendants in Commission enforcement actions. *See, e.g.*, *AGF II,* 2016 WL 8314623, at *7 (striking unclean hands and other affirmative defenses that would "unduly intrude into the SEC's investigative process, or would disproportionately implicate privileged communications or attorney work product") (citing *Beacon Assocs.*, 2011 WL 3586129, at *4, and *KPMG*, 2003 WL 21976733, at *3); *McCaskey,* 56 F. Supp. at 326-27 (striking estoppel and laches defenses that "would prejudice the SEC by needlessly lengthening and complicating the discovery process and trial of this matter"); *SEC v. Cuban,* 798 F. Supp. 2d 783, 794-95 (N.D. Tex. 2011) ("When [unclean hands] is asserted…the parties can become embroiled into a wide-

ranging and intrusive dispute about how the SEC has conducted the enforcement action…. As the [Supreme] Court explained in *Heckler* [*v. Community Health Servs. of Crawford Cty, Inc.*, 467 U.S. 51, 60 (1984)], the public interest in the rule of law is undermined when the conduct of public agents prevents the government from enforcing the law."); *KPMG*, 2003 WL 21976733, at *3 (Commission would be prejudiced because defendants sought discovery of "the internal workings of the SEC investigations"); *Beacon Assocs.*, 2011 WL 3586129, at *3-4 (same).

Here, where Defendants have done nothing more that invoke the names of these various defenses, they should not be permitted to delay this case with unnecessary discovery related to these defenses and the potential resulting discovery disputes.

## CONCLUSION

For the foregoing reasons, the Commission respectfully requests that the Court strike the Challenged Affirmative Defenses.

Dated:   New York, New York
      October 17, 2024

                            /s/ *Abigail Rosen*
                            Abigail Rosen
                            Richard Primoff
                            Elizabeth Rosen
                            Victor Suthammanont
                            Attorneys for Plaintiff
                            SECURITIES AND EXCHANGE
                            COMMISSION
                            New York Regional Office
                            100 Pearl Street
                            New York, New York 10004
                            (212) 336-0473 (Rosen)
                            RosenAb@sec.gov