

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

November 13, 2024

**Via ECF**

The Honorable Vernon S. Broderick
United States Courthouse
40 Foley Square
New York, NY 10007

   Re: **SEC v. Thurlow, et al., No. 21 Civ. 7700 (VSB) (S.D.N.Y.)**

Dear Judge Broderick:

  Pursuant to the Court's November 8, 2024 order (Dkt. No. 99), Plaintiff Securities and Exchange Commission (the "SEC") respectfully submits this opposition to the letter motion by Defendant Joseph D. Jordan ("Jordan") for severance (Dkt. No. 97). Jordan's motion should be denied because his reason for seeking severance of the SEC's claim against him—that he would then be willing to hire counsel—is not a basis for severance. Moreover, he has not demonstrated that any of the relevant factors courts follow under Federal Rules of Civil Procedure ("Rules") 21 and 42(b) weigh in favor of such relief. On the contrary, given the substantial overlap of the SEC's claim against Jordan with its claims against the other Defendants and the lack of prejudice to Jordan in proceeding alongside the other Defendants, the relevant factors weigh heavily against severance. Granting Jordan's request now will unnecessarily lengthen and complicate the completion of discovery, and granting the request either now or solely for purposes of trial would not serve the interest of judicial economy.

  Federal courts view severance in civil cases "as a procedural device to be employed only in exceptional circumstances." *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 503 (S.D.N.Y. 2013) (cleaned up); *see also Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008). The movant bears the burden of establishing severance is warranted. *Dickerson v. Novartis Corp.*, 315 F.R.D. 18, 25 (S.D.N.Y. 2016). As the Supreme Court has explained, "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). Indeed,

"[f]or reasons of efficient judicial administration[,] courts favor having only one trial whenever possible." *Gordon Springs v. City of New York*, No. 17-CV-0451 (AJN), 2019 WL 10892065, at *2 (S.D.N.Y. Aug. 21, 2019) (Nathan, J.) (internal quotation marks and citation omitted).

Rule 21 nevertheless grants courts discretion to "sever any claim against any party." Fed. R. Civ. P. 21. Courts in the Second Circuit generally consider the following discretionary factors (the "Severance Factors") in resolving a motion to sever under Rule 21: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Hedgeye Risk Mgmt., LLC v. Dale*, 343 F.R.D. 367, 370 (S.D.N.Y. 2023) (cleaned up).

Similarly, Rule 42(b) grants courts discretion to order a separate trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The factors for considering a severance motion under Rule 42 "overlap substantially" with the Severance Factors. *Gordon Springs*, 2019 WL 10892065, at *1. On a motion under Rule 42(b), courts consider "among other factors, 'whether bifurcation is needed to avoid or minimize prejudice, whether it will produce economies in the trial of the matter, and whether bifurcation will lessen or eliminate the likelihood of juror confusion.'" *Id.* (citing *Crown Cork & Seal Co., Inc. Master Ret. Tr. v. Credit Suisse First Bos. Corp.*, 288 F.R.D. 335, 337 (S.D.N.Y. 2013)).

As an initial matter, Jordan has not met his burden of establishing that severance of the SEC's claim against him is warranted. He does not explain why the Severance Factors or the additional jury confusion factor under Rule 42(b) warrant severance, nor does he provide any cognizable reason for severance at all. Instead, he argues that the claim against him should be severed because, if "this request is granted, [he] would seek to engage legal counsel" rather than proceed *pro se*. (Dkt. 97.) He suggests that having counsel would assist in judicial economy because he is elderly and taking care of his severely disabled son. However, he does not explain why severance has anything to do with his willingness to engage counsel: he is free to engage counsel either way.

In any event, Jordan cannot meet his burden of establishing that severance is warranted because none of the relevant factors weighs in favor of severance, either at this stage of the case or for purposes of trial. On the contrary, each of the factors weighs heavily against severance.

First, the SEC's claims against Jordan arise out of the same transactions that are the subject of its claims against all Defendants. (*See* Cmpt. Dkt. 1, ¶¶ 4, 7, 12, 42, 59-60, 62-64, 98, 100-101.) Second, those claims present common questions of law or fact. (*See id*. (alleging conduct by Jordan that is factually intertwined with the conduct of all other Defendants)); *see also, e.g., Hedgeye*, 343 F.R.D. at 370 ("[C]ourts within this Circuit repeatedly have interpreted the phrase 'same transaction' to encompass 'all logically related claims.'") (cleaned up). Indeed, Jordan acknowledges the first two factors weigh against severance: he writes that "successful adjudication" by Defendants Simon Thurlow and Richard Oravec would "moot" the SEC's claims against him—a concession that the SEC's claims against him arise from the same operative facts and present common questions of law or fact.

Third, neither settlement of the SEC's claims nor judicial economy would be facilitated by severance. On the contrary, cleaving the SEC's claim against Jordan from the rest of the SEC's case would result in two separate lawsuits with duplicative discovery, including depositions of many of the same witnesses, and duplicative trials and would consume more resources than litigating one case. *See, e.g., Gokdogan v. Slap Shot Pizza Enters. Ltd.,* No. 20 Civ. 5201 (MKB), 2021 WL 4441417, at *15 (E.D.N.Y. Sept. 27, 2021) (denying severance where, as here, "discovery as to the other [d]efendants and the same witnesses and evidence will be relevant to the claims against [movant]") (citing *Iconix Brand Grp., Inc. v. Roc Nation Apparel Grp., LLC*, No. 17 Civ. 3096, 2019 WL 5203256, at *2 (S.D.N.Y. Sept. 26, 2019)); *Laser Kitten , LLC v. Marc Jacobs Int'l, LLC*, No. 17 Civ. 8613 (JFK), 2019 WL 1147599, at*3 (S.D.N.Y. Mar. 13, 2019) (same); *Hedgeye*, 343 F.R.D. at 371 ("Severance will also disserve judicial efficiency; it is far more efficient to keep the counterclaim in this action than to create a second separate litigation that will require expenditure of more money, more inconvenience to the parties and witnesses, and more time spent by both the parties and the Court to manage two separate cases.").

Fourth, Jordan cannot show that any prejudice would be avoided if severance were granted, and indeed he points to none. In any event, for purposes of Rule 21, courts have recognized that the "prejudice" factor is not relevant while the parties are still engaging in discovery. *Laser Kitten*, 2019 WL 1147599, at *3. And any prejudice at trial can be "adequately mitigated through the ubiquitous and efficacious means of limiting instructions." *Gordon Springs*, 2019 WL 10892065, at *2 (citation omitted).

Fifth, severance is not warranted based on the necessity of "different witnesses and documentary proof ... for the separate claims." *Navar v. Walsh Constrution Co. II, LLC*, No. 18 Civ. 10476 (LGS), 2019 WL 7599890, at *1 (S.D.N.Y. Aug. 13, 2019). Since "nearly every trial involving multiple parties will involve separate issues of fact that call for testimony from different witnesses on entirely unrelated matters, the more appropriate question . . . is whether separate trials will require substantial overlap of witnesses or documentary proof." *Id.* at *2. Here, the SEC's claim against Jordan substantially overlaps with its claims against the other Defendants, which strongly weighs against severance. (*See* Cmpt. Dkt. 1, ¶¶ 4, 7, 12, 42, 59-60, 62-64, 98, 100-101 (alleging a scheme that involves the interplay between Jordan and all other Defendants).)

Finally, for purposes of Rule 42(b), a separate trial for Jordan will not lessen or eliminate the likelihood of juror confusion. The Complaint alleges a single claim against Jordan for violation of Section 5 of the Securities Act of 1993—a claim the Complaint also alleges against the other Defendants. Given the factual and legal overlap between the SEC's claim against Jordan and its claims against the other Defendants, juror confusion will not result from trying the claim against Jordan with the other claims.

For the foregoing reasons, the Court should deny Jordan's request for severance.

Respectfully submitted,

*/s/ Abigail Rosen*
Abigail Rosen

cc (via ECF):   Roger Fidler, Esq. (*Pro Se* and Counsel to Defendants Bradley Fidler, Bryce Boucher, and Western Bankers Capital, Inc.)
Joseph Siciliano, Esq. (Counsel to Defendants Thurlow and Oravec)

cc (via email): JD Jordan (*Pro Se*)