

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

December 20, 2024

**Via ECF**

The Honorable Vernon S. Broderick
United States Courthouse
40 Foley Square
New York, NY 10007

   **Re: SEC v. Thurlow, et al., No. 21 Civ. 7700 (VSB) (S.D.N.Y.)**

Dear Judge Broderick:

  Pursuant to the Court's December 10, 2024 order (Dkt. No. 115, the "Order"), Plaintiff Securities and Exchange Commission (the "SEC"), having conferred with counsel for all Defendants and with *pro se* Defendant J.D. Jordan ("Jordan"), respectfully submits this joint letter on behalf of all parties to: (1) propose a briefing schedule as to Defendant Roger Fidler's ("R. Fidler") anticipated motion regarding *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024); (2) advise the Court that Defendants consent to permanently striking the affirmative defenses the SEC challenged (Dkt. Nos. 82-83, 101-103); and (3) to indicate the portions of the Court's Opinion and Order dated September 5, 2024 (Dkt. No. 51) where the parties propose an amendment.

<u>Briefing Schedule on R. Fidler's Anticipated Motion</u>

  The parties have agreed to the following briefing schedule with respect to the motion Defendant R. Fidler has indicated he (and possibly other Defendants) may present regarding *Loper Bright*: February 17, 2025, for Defendants' opening papers; March 10, 2025, for the SEC's opposition papers; and March 17, 2025, for Defendants' reply papers, if any. By agreeing to the foregoing schedule, the SEC does not waive any arguments it may have as to the untimeliness of the anticipated motion.

<u>Affirmative Defenses</u>

  Defendants have confirmed that they consent to permanently striking those affirmative defenses that were the subject of the SEC's motion to strike (Dkt. Nos. 82-83).

## September 5, 2024 Opinion and Order

The SEC and Jordan jointly and respectfully propose that the following provisions of the Court's September 5, 2024 Opinion and Order (Dkt. No. 51) be amended to clarify that the SEC's Complaint does not allege that Jordan violated anti-fraud provisions of the securities laws:

> Dkt. No. 51 at 1-2: This is an enforcement action brought by the Securities and Exchange Commission ('Plaintiff' or 'SEC') against Simon Piers Thurlow ('Thurlow'), Roger Leon Fidler, Esq. ('R. Fidler'), Richard Oravec ('Oravec'), Bradley Fidler ('B. Fidler'), Bryce Emory Boucher ('Boucher'), Joseph D. Jordan ('Jordan'), and Western Bankers Capital Inc. ('WBC,' and collectively, the 'Defendants'), pursuant to various provisions of the Securities Act of 1933 (the 'Securities Act') and the Securities Exchange Act of 1934 (the 'Exchange Act'), alleging a fraudulent scheme involving backdating of convertible notes.

> Dkt. No. 51 at 7: Based on these factual allegations, the SEC initiated this action against Thurlow, R. Fidler, Oravec, B. Fidler, Boucher, Jordan (together, 'Individual Defendants') and WBC, alleging violations of § 10(b) and Rule 10b-5 of the Exchange Act, and §§ 5(a), 5(c), and 17(a) of the Securities Act, including allegations that the Individual Defendants aided and abetted each other's securities violations. (Id. ¶ 117–36.)

Respectfully submitted,

*/s/ Abigail Rosen*
Abigail Rosen

cc (via ECF):  Roger Fidler, Esq. (*Pro Se* and Counsel to Fidler Defendants)
Joseph Siciliano, Esq. (Counsel to Defendants Thurlow and Oravec)

cc (via email): JD Jordan (*Pro Se*)