UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
        :
SECURITIES AND EXCHANGE        :
COMMISSION,        :
        :
        Plaintiff,      :      21-CV-7700 (VSB) (SN)
        :
      - against -      :      **ORDER**
        :
        :
SIMON PIERS THURLOW, *et al.*,        :
        :
        Defendants.  :
        :
------------------------------------------------------------X

      On October 17, 2024, I granted Plaintiff's request for the parties to submit a complete Case Management Plan and Scheduling Order following my resolution of whether R. Fidler should be disqualified from representing his co-Defendants. (*See* Doc. 86.) I resolved this issue on December 30, 2024 by issuing an Opinion & Order disqualifying R. Fidler from representing his co-Defendants. (*See* Doc. 126.) In light of the Amended Order of Reference to Judge Sarah Netburn for general pretrial proceedings, (*see* Doc. 90), I will respectfully direct Judge Netburn to begin pretrial proceedings, including setting the remaining deadlines in the Partial Case Management Plan and Scheduling Order, (*see* Doc. 89), in consultation with the parties and pursuant to Judge Netburn's individual rules and procedures.

      The December 30, 2024 Opinion & Order also directed Defendants Boucher, B. Fidler, and Western Bankers' Capital Inc. ("WBC") to file applications to proceed in forma pauperis ("IFP") and for the appointment of pro bono counsel no later than January 20, 2025. (*See* Doc. 126.)

On January 6, 2025, Defendant JD Jordan submitted a letter advising that an attorney would enter an appearance on his and Defendant WBC's behalf by January 17, 2025. (*See* Doc. 127.) To date, however, no attorney has appeared. As a corporate entity, WBC may appear in court only represented by counsel. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). If no attorney appears on WBC's behalf, Plaintiff may be entitled to seek default judgment against it. *See, e.g.*, *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006).

On January 20, 2025, Defendant B. Fidler requested a 10-day extension of time to file his IFP and pro bono counsel applications. (Doc. 128.) However, "it is well-settled that, except when faced with the prospect of imprisonment, a litigant has no legal right to counsel in civil cases." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013) (citing *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986); *In re Di Bella*, 518 F.2d 955, 958–59 (2d Cir. 1975)). Thus, while B. Fidler may seek to proceed IFP and request the appointment of pro bono counsel at any time, any delay in seeking such relief does not constitute good cause to further delay pretrial proceedings.

Also on January 20, 2025, Defendant R. Fidler requested a "two-week extension on all matters before this court and the SEC" due to severe surgery complications. (Doc. 129.) No case deadline falls within the next two weeks. Thus, Defendant R. Fidler's request is moot. To the extent that Defendant R. Fidler seeks an extension of the February 17, 2025 deadline to submit a motion based on *Loper Bright*, he may submit a renewed request if necessary.

Accordingly it is hereby:

ORDERED that Defendant B. Fidler's motion at Doc. 128 is GRANTED.

IT IS FURTHER ORDERED that Defendant R. Fidler's motion at Doc. 129 is DENIED AS MOOT.

The Clerk of Court is respectfully directed to terminate the pending motions at Docs. 128 and 129.

SO ORDERED.

Dated: January 21, 2025
     New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge