UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
SECURITIES AND EXCHANGE :
COMMISSION, :
:
                           Plaintiff, :          21-CV-7700 (VSB) (SN)
:
      - against - :          **ORDER**
:
:
SIMON PIERS THURLOW, *et al.*, :
:
                      Defendants. :
:
------------------------------------------------------------X

Vernon S. Broderick, United States District Judge:

      Defendant Bradley Fidler seeks to proceed *in forma pauperis* and that the Court request the appointment of pro bono counsel in this SEC civil enforcement action. (*See* Docs. 135–36.) For the reasons that follow, the requests are GRANTED.

      I assume the parties' familiarity with the factual and procedural background of this case. A more detailed overview is available in the Opinion & Order denying Defendants' motion to dismiss, (Doc. 125),[1] and the Opinion & Order disqualifying Defendant R. Fidler from representing his co-defendants, (Doc. 126).[2] Plaintiff's complaint alleges that Defendant B. Fidler obtained debt that a "shell company" called DOLV issued with fraudulently backdated debt instruments, converted the debt into shares, obtained an attorney letter based on misrepresentations that the shares could be freely traded, sold the shares without registering them

---

[1] *Securities and Exch. Comm'n v. Thurlow*, No. 21-CV-7700, 2024 WL 4068881 (S.D.N.Y. Sept. 5, 2024), *as amended*, 2024 WL 5202623 (S.D.N.Y. Dec. 23, 2024).
[2] *Securities and Exch. Com'n v. Thurlow*, No. 21-CV-7700, 2024 WL 5245008 (S.D.N.Y. Dec. 30, 2024).

1

with the Securities and Exchange Commission, and funneled some of the proceeds to Defendant R. Fidler, his father. (*See* Doc. 1 ("Compl.") ¶¶ 2, 5–7.)

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance," which is "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to

>the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

      B. Fidler meets these criteria. I find that B. Fidler's application to proceed *in forma pauperis* demonstrates that he is indigent. (*See* Doc. 136.) He is charged with violations of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. § 77e(a), 77e(c), (Compl. ¶¶ 117–19); Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, (Compl. ¶¶ 120–22); Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), (Compl. ¶¶ 123–25); and aiding and abetting his co-defendants' violations, (Compl. ¶¶ 132–36). These allegations "seem[] likely to be of substance" in that they are serious violations requiring substantial effort to defend. *Hodge*, 802 F.2d at 60–61. As I discussed in the Opinion & Order disqualifying R. Fidler from representing his co-defendants, the case presents questions regarding the degree to which R. Fidler—B. Fidler's father—directed B. Fidler's allegedly unlawful behavior. (*See* Doc. 126 at 6–7.) The allegations therefore "implicat[e] the need for cross-examination." *Hodge*, 802 F.2d at 60–61. Additionally, the complex nature of Plaintiff's allegations, the multiple defendants involved, and the fact that Defendant B. Fidler may need assistance in responding to the SEC's discovery requests further suggest that "appointment of counsel would be more likely to lead to a just determination." *Id*. Pro bono

3

counsel has been appointed in similar SEC enforcement matters. *See* Order Granting Request for Pro Bono Counsel, *SEC v. Abarbanel*, No. 21-CV-5429 (S.D.N.Y. Sept. 18, 2024), ECF No. 121.

Accordingly, Defendant B. Fidler's request to proceed *in forma pauperis* and his application for the Court to request the appointment of *pro bono* counsel are GRANTED. The Office of Pro Se Litigation is respectfully directed to request and search for the services of a *pro bono* attorney to represent B. Fidler through the remainder of general pretrial proceedings overseen by Magistrate Judge Sarah Netburn (including discovery), any settlement negotiations, any pretrial motions, and any trial.

The Clerk of Court is respectfully directed to terminate the pending motions at Docs. 135 and 136 and to mail a copy of this order to Defendant B. Fidler at the address on file.

SO ORDERED.

Dated: February 7, 2025
      New York, New York

*(signature)*
Vernon S. Broderick
United States District Judge