

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

July 8, 2025

**VIA ECF**

The Honorable Sarah Netburn
Chief Magistrate Judge
United States Courthouse
40 Foley Square
New York, NY 10007

              Re**:**    *SEC v. Thurlow, et al.,* No. 21 Civ. 7700 (VSB) (SN)

Dear Judge Netburn:

      Pursuant to the Court's Individual Rule II.C, Plaintiff Securities and Exchange Commission (the "SEC"), respectfully requests an informal conference in connection with the SEC's motion to compel Defendants Simon Thurlow ("Thurlow"), Richard Oravec ("Oravec") and Bradley Fidler ("B. Fidler") (collectively, "Defendants") to destroy four documents that the SEC inadvertently produced to Defendants (the "Privileged Documents"). The Privileged Documents are subject to an unqualified and non-waivable privilege pursuant to the Annunzio-Wyle Anti-Money Laundering Act (the "AML Act"), 31 U.S.C. § 5318(g)(2)(A) and the regulations promulgated thereunder.

      The SEC first discovered its inadvertent production of the Privileged Documents on June 12, 2025. That same day, pursuant to Federal Rules of Civil Procedure 26(b)(5)(B) and 26(c), the SEC notified Defendants and requested that they destroy the Privileged Documents. On June 17, 2025, in an effort to resolve this issue without involving the Court, the parties met and conferred regarding this issue. Defendants, however, have refused the SEC's requests to destroy the Privileged Documents.[1]

**I.    BACKGROUND: THE SEC'S INADVERTENT PRODUCTION
       AND MEET-AND-CONFER DISCUSSIONS WITH DEFENDANTS' COUNSEL**

      On March 18 and May 2, 2025—in response to Document requests from Defendants Thurlow, Oravec, and B. Fidler—the SEC electronically produced a total of over 135,000 pages of documents to Defendants. *See* Declaration of Abigail E. Rosen ("Rosen Decl.") ¶ 3-4.

---

[1] Defendants have agreed to refrain from viewing the Privileged Documents until the Court resolves this dispute.

On June 12, 2025, the SEC discovered that it had inadvertently included the four Privileged Documents in its March and May document productions; the SEC should have withheld those documents as protected from disclosure under the AML Act. The Privileged Documents include three sensitive and confidential Suspicious Activity Reports ("SARs") and a cover letter referencing SARs. Rosen Decl. ¶ 6. By email to Defendants' counsel that same day, the SEC identified the Privileged Documents by Bates number and requested that Defendants: (1) immediately destroy all digital and paper copies of the Privileged Documents; (2) retrieve any copies of the documents that Defendants might have sent to any third party; and (3) destroy the SEC's entire original production, which the SEC promised to replace with a revised production not containing the Privileged Documents (which the SEC has since done, *see* Rosen Decl. ¶ 14). Also on June 12, 2025, in response to Defendants' request for more information regarding the basis of the SEC's privilege claim, the SEC advised counsel that it bases its privilege claim on 31 U.S.C. § 5318(g)(2)(A). Rosen Decl. ¶ 8-9, Exs. 1, 2.

For the next several days, the parties continued to exchange emails. On Monday, June 16, Defendants elaborated that they could not agree to the SEC's requests due to their concern that the Privileged Documents might contain exculpatory material. Rosen Decl. ¶ 10-11, Exs. 3, 4. The SEC responded that day that the Privileged Documents did not contain exculpatory material. Rosen Decl. ¶ 10-11.

On June 17, the parties conferred by telephone in an effort to resolve this issue. The SEC proposed that the Privileged Documents be provided to the Court *in camera*—to confirm that they do not contain exculpatory information—and that, upon the Court's confirmation, Defendants destroy the Privileged Documents. Defendants rejected the SEC's proposal, and the parties were unable otherwise to resolve their dispute. The SEC advised counsel of its intent to file a motion in early July to compel Defendants to destroy the Privileged Documents, and Defendants agreed that they would not attempt to view the Privileged Documents until resolution of the parties' dispute. Rosen Decl. ¶ 12-13, Ex. 5.

## II. THE COURT SHOULD COMPEL DEFENDANTS TO DESTROY THE PRIVILEGED DOCUMENTS.

### A. The Privileged Documents Are Subject to An Unwaivable Statutory Privilege Against Production in Civil Discovery.

Under the AML Act, financial institutions are required to proactively investigate certain types of suspicious activities and, if found, file a SAR with the government. 31 U.S.C. § 5318(g)(1). The Act prohibits the disclosure of a SAR. More specifically, the AML Act provides: "no officer or employee of the Federal Government or of any State, local, tribal, or territorial government within the United States, who has any knowledge that such report was made may disclose to any person involved in the transaction that the transaction has been reported, other than as necessary to fulfill the official duties of such officer or employee." 31 U.S.C. § 5318(g)(2)(A).

The Office of the Comptroller of Currency ("OCC") is the Treasury Department bureau with primary supervisory responsibility over national banks. See 12 U.S.C. §§ 1, et

seq. OCC implements the AML Act's non-disclosure provisions, and Federal regulations further provide: "SARs are confidential. Any national bank or person subpoenaed or otherwise requested to disclose a SAR or the information contained in a SAR shall decline to produce the SAR or to provide any information that would disclose that a SAR has been prepared or filed, citing this section, applicable law (*e.g*., 31 U.S.C. 5318(g)), or both, and shall notify the OCC." 12 C.F.R. § 21.11(k). Additional regulations promulgated by FinCEN—another agency that regulates banks under the AML Act—further clarify that "SARs and any information that would reveal the existence of a SAR, are confidential and shall not be disclosed."[2] 31 C.F.R. § 1020.320(e).

Furthermore, the SEC cannot waive the statutory privilege afforded to SARs. *See SEC v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 166-167 (S.D.N.Y. 2014) (Pitman, MJ) (denying motion to compel the SEC to produce 26 SARs, even where the SEC's reliance on the statutory privilege was "untimely"); *United States v. Holihan*, 248 F. Supp.2d 179,186 (W.D.N.Y. 2003) ("31 U.S.C. § 5318(g) ... as implemented by 12 C.F.R. § 21.11(k) create an unqualified discovery and evidentiary privilege that cannot be waived"); *Whitney Nat. Bank v. Karam*, 306 F. Supp. 2d 678, 682 (S.D. Tex. 2004) (same); *Weil v. Long Island Sav. Bank*, 195 F.Supp.2d at 389–90 (E.D.N.Y.2001) (production of documents deemed confidential under the AML Act even though all parties involved were aware that a SAR was filed, and where the subject of the fraudulent conduct described in the SAR had pled guilty and was awaiting sentencing).

In this case, the Commission inadvertently produced the four Privileged Documents, which are either SARs or reference SARs.[3] Thus, as explained above, the Privileged Documents plainly are protected from disclosure in this litigation by a statutory privilege that the SEC neither waived nor could waive.

---

[2] Before 2011, while the OCC generally took the position that SARs were not subject to disclosure, a private litigant could request that the OCC release a SAR. *See* 12 C.F.R. § 4.36, as amended by 63 F.R. 62927-02 eff. 11/10/98 & 64 F.R. 29216 eff. 6/1/99. Effective in 2011, however, the applicable regulations were amended to preclude the OCC from disclosing "a SAR, or any information that would reveal the existence of a SAR, in response to a request for use in a private legal proceeding[.]" 12 C.F.R. § 21.11(k)(2). *See also Hasie v. OCC,* 633 F.3d 361, 366 (5th Cir. 2011). These limitations on disclosure were intended "to make SARs undiscoverable in civil litigation." *See Weil v. Long Island Sav. Bank,* 195 F. Supp. 2d 383, 389 (E.D.N.Y. 2001).

[3] Because of the strong statutory protections afforded these materials, the SEC is not able in this filing to describe the Privileged Documents with any specificity, other than to confirm that three of the documents are SARs and the fourth is a cover letter that references SARs. Upon the Court's request, the SEC will produce the Privileged Documents to the Court for *in camera* inspection.

### B. Defendants Have Unreasonably Refused the SEC's Requests to Destroy the Privileged Documents Under Rule 26(b)(5)(B)

For the following reasons, pursuant to the AML Act and Rule 26(b)(5)(B), the Court should order Defendants to promptly destroy the Privileged Documents and to confirm in writing to SEC counsel that they have done so.

Rule 26(b)(5)(B) provides as follows:

> If information produced in discovery is subject to a claim of privilege… the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

As discussed above, the SEC has complied with Rule 26(b)(5)(B): it promptly alerted Defendants' counsel to its inadvertent production of the Privileged Documents and asked Defendants to destroy them. Defendants nonetheless unreasonably have refused to destroy the Privileged Documents. For the foregoing reasons, the SEC respectfully requests that the Court order them to do so. In this regard, as SEC previously proposed to defense counsel, the SEC would not object to the Court's *in camera* review of the Privileged Documents, if the Court deems it necessary.

Respectfully submitted,

/s/ Richard Primoff
Richard Primoff