UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SECURITIES AND EXCHANGE
COMMISSION,

                                       **Plaintiff,**                  21-CV-07700 (VSB)(SN)

        -against-                                                        **ORDER**

SIMON PIERS THURLOW, et al.,

                                       **Defendants.**

-----------------------------------------------------------------X

SARAH NETBURN, United States Magistrate Judge:

        The SEC has filed two motions to compel. ECF Nos. 169, 171. The motion to compel Defendants Simon Piers Thurlow, Richard Oravec, and Bradley Fidler to destroy privileged documents is GRANTED. The motion for a conference and the motion to compel Defendant Roger Fidler to produce documents is GRANTED in part.

        **Production of Privileged Documents.** As described in the SEC's letter motion, it inadvertently produced four documents on March 18 and May 2, 2025, that it later learned were subject to a statutory privilege against production in civil discovery. Defendants do not meaningfully dispute that these documents are covered by the privilege but argue that the privilege is not the SEC's to assert and, in any event, the privilege should yield to the relevancy of the documents.

        The Court has reviewed the documents *in camera* and concludes that they are protected by the unqualified, unwaivable privilege for Suspicious Activity Reports ("SARs") under 31 U.S.C. § 5318(g)(2)(A). The statute and its implementing regulations are clear that SARs themselves, and any documents that would reveal the existence of a SAR, are confidential and

should not be disclosed. Id.; 12 C.F.R. § 21.11(k); 31 C.F.R. § 1020.320(e). SARs are meant to be "undiscoverable in civil litigation." Weil v. Long Island Sav. Bank, 195 F. Supp. 2d 383, 389 (E.D.N.Y. 2001). The SEC may assert its privilege over the four inadvertently produced documents, even if it asserts this privilege in an untimely manner. See SEC v. Yorkville Advisors, LLC, 300 F.R.D. 152, 167 (S.D.N.Y. 2014). See also Fed. R. Civ. P. 26(b)(5)(B) (if privileged information is inadvertently produced, "the party making the claim may notify any party that received the information," and that "party must promptly return, sequester, or destroy the specified information"). Defendants' contention that these documents might be relevant to their defense cannot overcome the properly asserted and unwaivable statutory privilege.

Accordingly, Defendants are ORDERED to comply with the SEC's request to (1) immediately destroy all digital and paper copies of the Privileged Documents; (2) retrieve any copies of the documents that Defendants might have sent to any third party; and (3) destroy the SEC's entire original production.

**Production of Native Format Documents.** Following Defendant Roger Fidler's production of certain documents to the SEC, the SEC requested "all metadata and native versions for all documents and communications previously produced to the Commission." The SEC represents that "Fidler still has not produced the critical electronic versions of previously produced documents." ECF No. 171. Fidler, through counsel, responds that most documents that were previously produced by Fidler were received by him in non-native format (i.e., in hardcopy). Counsel also states that his client mostly works with handwritten documents or hardcopy documents.

It is unclear what the scope of the dispute is. To the extent Fidler previously produced email that he received electronically, he must immediately produce such communications (and

any attachments) in native format. The same goes for documents that are stored electronically in his files. Fidler's alleged lack of "tech savvy" is not a basis to withhold such information, and Counsel is obligated to facilitate such production. The SEC need not subpoena other individuals to gather documents it can receive from a party. Counsel shall comply with this Order and provide a declaration to the Court by August 8, 2025, confirming that Counsel has directly facilitated the production of "electronic versions of previously produced documents." If there are specific documents that were previously produced and are not available in native format, Counsel shall so state with specificity in the declaration.

To the extent the SEC is seeking *new* documents that are stored electronically but that have not been previously produced, such as emails, Counsel should work with Fidler to produce responsive documents. If the volume of such documents subject to search is sufficiently large that it cannot reasonably be searched absent assistive technology, the parties should work cooperatively to agree upon search terms.

## CONCLUSION

The SEC's motion to compel Defendants to destroy privileged documents is GRANTED. The SEC's motion to compel the production of responsive documents in native format is GRANTED in part. The Clerk of Court is requested to terminate the motions at ECF Nos. 169 and 171. Defendants Thurlow, Oravec, and B. Fidler shall file a letter confirming that they have complied with this order. The SEC and R. Fidler shall file a joint letter on the status of discovery no later than August 8, 2025.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   July 29, 2025
         New York, New York