

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

October 1, 2025

<u>VIA ECF</u>

The Honorable Sarah Netburn
Chief Magistrate Judge
United States Courthouse
40 Foley Square
New York, NY 10007

        Re**:**    *SEC v. Thurlow, et al.,* No. 21 Civ. 7700 (VSB) (SN)

Dear Judge Netburn:

      Pursuant to the Court's order dated September 11, 2025 (Dkt. No. 190, the "Order"), Plaintiff Securities and Exchange Commission ("SEC") respectfully requests that the Court order Defendant Roger Fidler ("Fidler") to produce all documents responsive to the SEC's document requests in their native, electronic format ("Electronic Documents") within two weeks, and/or sanction Fidler and/or his counsel pursuant to Fed. R. Civ. P. ("Rule") 37(b).

      In addition, the SEC respectfully requests that, due to a lapse in federal government appropriations, the current fact discovery deadline (November 7, 2025) be extended by the number of days that SEC counsel are furloughed. The SEC has reached out to all Defendants. As of the time of the filing of this letter, counsel to Roger Fidler, Bradley Fidler, Bryce Boucher, Joseph D. Jordan and Western Bankers Capital Inc. have indicated that they consent to this furlough-related request. We have not heard from counsel to Simon Thurlow and Richard Oravec.

      Starting today, most SEC personnel will be furloughed (with limited exceptions) and are prohibited from working. SEC counsel assigned to this matter are being furloughed and thus are not available to work. Employees are not permitted to work on a voluntary basis when furloughed. *See* 31 U.S.C. § 1342. Accordingly, it is appropriate for the Court to toll the discovery deadline until the lapse in appropriations ends.

I.  **Background regarding Production Issue[1]**

On September 5, 2025, Fidler and his counsel filed declarations in opposition to the Court's August 26, 2025 Order to Show Cause regarding their failure to produce certain Electronic Documents (the "September 5 Filings") (Dkt 186-187). In the September 5 Filings, Fidler and his counsel advised the Court that Fidler would be producing by September 11 "emails that are in native format, that [Fidler's counsel] will screen for attorney-client privilege." Declaration of T. Edward Williams (Dkt. No 186, "Williams Decl.") ¶ 13; *see also* Declaration of Fidler ("Fidler Decl.," Dkt. No. 187) ¶ 9. Fidler further assured the Court that he would produce additional Electronic Documents from a computer that was located in the United Kingdom (the "UK Computer") that, he claimed, contains responsive Electronic Documents. *See* Fidler Decl. ¶ 10. Counsel indicated to the SEC that he would be producing those documents to the SEC after September 23, when he expected to receive the relevant documents from the UK Computer. *See* Dkt. No. 189 at 1 (SEC letter to the Court reporting when Fidler's counsel expected to receive the UK Computer).

On September 11, contrary to the Court's Orders and Fidler's counsel's assurances, Fidler produced only a small number of documents—consisting solely of image files but no native, electronic files. Furthermore, the produced documents consist almost entirely of emails that Fidler had forwarded to his counsel by email—proof that Fidler possesses the native, electronic versions of these files but nonetheless refuses to produce them.

On September 25, the SEC advised Fidler's counsel by email that his document production was deficient; asked him to confirm that he had reviewed Fidler's computer with his client (as the SEC understands the Court had directed him to do)[2]; and inquired when the SEC could expect to receive Fidler's production from the UK Computer. To date, the SEC has received no response from Fidler's counsel, nor any further production of Electronic Documents (including from the UK Computer).

II.  **The Court Should Order Fidler and His Counsel to Produce All Remaining Responsive Documents Within Two Weeks , Or Be Sanctioned Pursuant to Rule 37(b)**

Fidler's continued non-compliance with the Court's orders has prejudiced the SEC's ability to complete discovery in accordance with the current discovery schedule (even as recently modified by the Court's September 11 Order) (Dkt. No. 190). For example, the SEC initially noticed the deposition of Fidler (the only Defendant remaining to be deposed) for July 29; then

---

[1] For further background, the SEC respectfully refers the Court to its letters dated July 10, August 7, August 21 and September 10 (Dkt. Nos. 171, 180, 184 and 189).

[2] It appears that Fidler alone chose which emails to forward for production, and his September 5 affidavit suggests the misimpression that he need only search for electronic versions of documents previously produced (as opposed to all documents responsive to the SEC's pending document requests). *See* Fidler Decl. ¶¶ 7, 9, 10.

had to adjourn it to October 3 due to Fidler's delay in producing documents; and has adjourned it again without date for the same reason.

      For these reasons, the Court should issue an order: (1) requiring Fidler to produce within two weeks all remaining responsive documents, including all Electronic Documents; (2) requiring Fidler's counsel to certify that his production is complete after a reasonable and diligent search in which his counsel participated; and (3) imposing sanctions against Fidler and/or his counsel under Fed. R. Civ. P. 37(b) should they fail to comply with the foregoing—including, possibly, by striking Fidler's Answer and entering a default judgment.[3] Finally, as noted above, the Court should toll the discovery deadline in this case for the number of days that SEC counsel are furloughed due to a lapse in federal government appropriations.

      Respectfully submitted,

      /s/ *Richard G. Primoff*
      Richard G. Primoff

cc: Counsel for Defendants (ECF)

---

[3] In addition, pursuant to Rule 37(e), the SEC may seek appropriate adverse inferences against Fidler at trial.