**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – X

SECURITIES & EXCHANGE COMMISSION

      Plaintiff,                            21 Civ. 07700 (VSB) (SN)

          -against-

SIMON PIERS THURLOW, et al.,

      Defendants

– – – – – – – – – – – – – – – – – – – – – – – – – X

### MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO MAGISTRATE JUDGE'S RULING, ECF DOC. NO. 215

**I.      PRELIMINARY STATEMENT**

On 9 February 2026, the Hon. Magistrate Judge Netburn denied Defendant Roger Fidler, Esq.'s letter request to extend discovery by two months, up to and including 17 April 2026, because, among other reasons, Roger Filder has been ill, because Roger Fidler wife died around the discovery cutoff and he needed to tend to that his wife's burial and the issues that came with his wife's burial, and because the undersigned was getting up to speed on a matter he entered during discovery when the SEC was conducting depositions. Mr. Fidler's preferred method of getting Judge Netburn to reconsider her denial of his extension of the fact discovery was to submit a motion to reconsider, the practice in this District does not allow for reconsideration of a magistrate judge's order. Koehler v. Bank of Bermuda Ltd., 2003 WL 466206, *1 (S.D.N.Y. 2003) ("Rule 72(a), Fed.R.Civ.P., provides with respect to 'nondispositive matters' that a party may file objections to a magistrate judge's order, in which event 'the district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or

20832.1

contrary to law."); <u>accord</u>, Judge Broderick's Civil Rules & Practices § 4(b). Mr. Fidler seeks an extension of time for discovery to allow him to conduct discovery in this matter.

## II.    STANDARD OF REVIEW

This court may reconsider an order issue by a magistrate judge on a nondispositive matter where it has been shown that the magistrate judge's order is clearly erroneous and contrary to law. <u>See</u> 28 U.S.C. § 636(b)(1)(A); <u>see e.g.</u>, <u>Adams v. Taylor</u>, 717 F. Supp.3d 300, 303 (W.D.N.Y. 2024) (generally describing the standard of review for non-dispositive orders as deferential to the magistrate judge); <u>Boice v. M+W U.S. Inc.</u>, 130 F. Supp.3d 677, 683 (N.D.N.Y. 2015) (same); <u>Thai Lao Lignite (Thailand) Co. Ltd. v. Gov't of the Lao People's Democratic Repub.</u>, 924 F. Supp.2d 508, 511 (S.D.N.Y. 2013). Where the magistrate judge's order involves a dispositive issue, the presiding judge "shall make de novo determinations of those portions of the report or specified proposed findings or recommendations to which [an] objection is made. <u>See</u> U.S.C. § 636(b)(1)(C); <u>see also</u>, <u>Mathews v. Weber</u>, 423 U.S. 261, 270–271, 96 S. Ct. 549 (1976).

Although the Second Circuit held in 1990 that orders on discovery disputes are non-dispositive, <u>see</u> <u>Thomas E. Hoar, Inc. v. Sara Lee Corp.</u>, 900 F.2d 522, 525 (2d Cir. 1990), and, therefore the deferential standard applies, that standard has given way to a more recent and practical standard that measures the "practical effect of the challenged action on the instant litigation." <u>See</u> <u>Williams v. Beemiller Inc.</u>, 572 F.3d 259, 264–265 (2d Cir. 2008). Thus, where the practical effect of the magistrate judge's order was to strike affirmative defenses, the Southern District of New York held that the order was dispositive and applied the more rigorous de novo review. <u>See e.g.</u>, <u>Royal Park Inv. SA/NV v. U.S. Bank, N.A.</u>, 285 F. Supp.3d 648, 653–654 (S.D.N.Y. 2018) (holding that an order striking affirmative defenses is a dispositive order that required applying de novo review) (citing

Specialty Minerals Inc. v. Pluess-Staufer AG, 395 F. Supp.2d 109, 111 (S.D.N.Y.) ; see also, Estate of Jackson ex rel. Jackson v. Cnty. of Suffolk, 2014 WL 3513403, at *3 (E.D.N.Y. July 15, 2014).

Although the order denying Mr. Fidler's Letter Motion to extend time for discovery is not written in the form of a report and recommendation, the consequence of the Order is to deny Mr. Fidler to present his affirmative defenses by barring him the discovery he so badly needs to advance his affirmative defenses.

### III.  OBJECTION TO MAGISTRATE JUDGE'S ORDER

The SEC sued Mr. Fidler (and others) on 15 September 2021, claiming that Mr. Fidler violated Sections 5(a) and (c), section 15 U.S.C. §§ 77e(a) and (c), section 17(a), Rule 10(b)(5) of the Exchange Act, among other alleged violations. See ECF Doc. No. 1. The undersigned appeared in this matter on 17 April 2025 when the SEC was conducting discovery in this matter. Since then, the Undersigned attended the various depositions that had been scheduled, read lengthy discoveries given during the Wells Process, and reviewed documents that were available to get a sense of the case. Because Defendant Roger Fidler has been extremely limited because of his illness that has long been recognized by this Court, the Undersigned has had to follow a pace in which he could communicate with Mr. Fidler. Notwithstanding these challenges all while trying to attain a synoptic view of this case, the undersigned has made substantial progress and has developed discovery, including request for production of documents, requests for admissions, and interrogatories that go the essence of defenses that Mr. Fidler can assert. Nevertheless, as the Undersigned made progress towards discovery, Mr. Fidler's wife became ill in January 2026, and Mr. Fidler had to tend to her. Mr. Fidler's wife, Wanda Fidler, died after a minor fall, on the eve of discovery. Given the substantial health issues that Mr. Fidler has faced and given the death of his wife just on the eve of discovery,

20832.1

Mr. Fidler had demonstrated good cause to extend the discovery deadline. Indeed, the SEC has been granted numerous extensions of the discovery deadline for reasons that did not involve death or serious illness. Mr. Fidler, even with his substantial limitations, has diligently worked with the undersigned to advance his case, but his limitations mean he must be granted additional time to conduct discovery. See, e.g., Edwards v. Wilkie, 2020 WL 1685824, at *3 (S.D.N.Y. 2020); see also, Jones Inlet Marina Inc. v. Inglima, 204 F.R.D. 238 (E.D.N.Y. 2001); see also, Moroughan v. Cnty. of Suffolk, 320 F. Supp. 3d 511 (E.D.N.Y. 2018).

Mr. Fidler therefore seeks an extension of the discovery deadline up to and including 17 April 2026 to conclude fact discovery.

20832.1

Dated:   24 February 2026
        New York, New York

Respectfully submitted,

By: */s/ T. Edward Williams, Esq.*
T. Edward Williams, Esq.
WILLIAMS LLP
420 Lexington Avenue Suite 875
New York, New York 10170
212.417.0430
edward@williamsllp.com
Attorney for Defendant Roger Fidler, Esq.

20832.1