UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                          :

SECURITIES AND EXCHANGE
COMMISSION,                                                                 :

                                          :

                      Plaintiff,    :                    21-CV-7700 (VSB) (SN)

                                          :

              -against-          :                      **<u>ORDER</u>**

                                          :

SIMON PIERS THURLOW, *et al.*,      :

                                          :

                    Defendants.  :

                                          :
----------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

On January 21, 2026, counsel for Defendants Joseph D. Jordan ("Jordan") and Western Bankers Capital, Inc. ("WBC") filed a letter notifying me that Jordan passed away on December 17, 2025. (Doc. 204.) On January 30, 2026, the Securities and Exchange Commission ("SEC") filed a letter indicating that it does not intend to pursue its claims for civil monetary penalties and injunctive relief against Jordan's estate and requesting that the SEC be permitted to update the Court on or before April 21, 2026.[1] as to whether it intends to pursue its claims for $1.3 million in disgorgement and prejudgment interest against Jordan's estate. (Doc. 207.) Counsel for Defendants Jordan and WBC does not object to this request. (*Id.* at 1.)

On January 30, 2026, counsel for Defendants Jordan and WBC filed another letter stating that if I deny the Motion for Judgment on Pleadings or prefer to defer a ruling, they request that I "order targeted briefing on whether disgorgement is legally available to the SEC." (Doc. 208 at

---

[1] "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "A motion for substitution may be made by any party or by the decedent's successor or representative," but the motion must be made "within 90 days after service of a statement noting the death." *Id.* Ninety days from the January 21, 2026 notice of Jordan's passing, (Doc. 204), is April 21, 2026.

2.)  Also on January 30, 2026, Defendant Roger Fidler ("Fidler") filed a letter seeking leave to file "a partial (or a total) motion to dismiss the SEC's claims on the grounds that the death of Mr. Jordan [] 'particularly prejudices' Mr. Fidler's ability to present certain exculpatory evidence on one or more of the SEC's claims against Mr. Fidler."  (Doc. 209.)  Alternatively, Fidler "seeks leave to determine whether motions practice under FRCP Rule 21 would cure any prejudice to him because of Mr. Jordan's death."  (*Id.*)

On February 6, 2026, the SEC filed a letter opposing both (1) Jordan and WBC's letter seeking leave to brief the SEC's potential disgorgement claim against Defendant Jordan's estate; and (2) Fidler's letter seeking leave to brief a motion to dismiss or a motion under Fed. R. Civ. P. 21.  (Doc. 213.)  On February 9, 2026, I directed counsel for Jordan and WBC to respond to the SEC's letter by February 12, 2026.  (Doc. 214.)  On February 12, 2026, counsel for Jordan and WBC filed a letter arguing that briefing on the SEC's potential disgorgement claim is appropriate at this juncture and would promote judicial economy.  (Doc. 218.)  Counsel for Jordan and WBC argues that their expert witness is "prepared to testify that the SEC cannot establish the requisite causal connection between the alleged Section 5 violations and investor losses" because "[t]he expert's analysis demonstrates that Mr. Jordan's alleged non-fraud registration violations did not cause the pecuniary harm the SEC must prove to obtain disgorgement."  (*Id.* at 1.)

On March 24, 2026, Defendants Jordan and WBC moved for summary judgment on liability and the SEC's remedy of disgorgement.  (Docs. 233–37.)  On March 30, 2026, the SEC filed a letter requesting that the Court hold in abeyance the recently filed summary judgment motion of Jordan and WBC until after the SEC determines whether to dismiss its claims against those parties.  (Doc. 240.)

"[A] court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (internal quotations omitted). "In deciding whether to enter a stay, courts in this district generally consider: the interests of the defendant, the interests of the plaintiffs in proceeding with the litigation, the public interest, and the interests of the court and third parties." *Travelers Cas. & Sur. Co. v. Vanderbilt Grp., LLC*, No. 01-CV-7927, 2002 WL 844345, at *2 (S.D.N.Y. May 2, 2002). "Ordinarily, the death of a party results in a stay of the proceedings and requires substitution of a proper legal representative." *Ambrister v. N.Y.C. Dep't of Educ.*, No. 22-CV-5516, 2024 WL 3888743, at *2 n.1 (S.D.N.Y. Aug. 20, 2024); *see also Herrera-Castro v. Trabajamos Cmty. Head Start, Inc.*, No. 15-CV-9286, 2017 WL 549584, at *1 (S.D.N.Y. Jan. 30, 2017) ("After being informed of the plaintiff's death, the Court stayed the case in all respects."); *Curet v. United States*, No. 14-CV-2703, 2017 WL 5897410, at *1 (E.D.N.Y. Nov. 29, 2017) (noting that the court granted a request for a stay following a suggestion of death). In light of Jordan's death, I determine that the interests of justice require a stay of the proceedings while the SEC determines whether it intends to pursue its claims for disgorgement and prejudgment interest against Jordan's estate and so that an estate representative can be appointed and substituted in for Jordan's estate.

It is hereby:

ORDERED that this action will be stayed under Fed. R. Civ. P. 25(a)(1) until April 22, 2026 to allow an executor/administrator/representative of Jordan's estate to be appointed by the appropriate probate court and the motions for substitution to be filed.

IT IS FURTHER ORDERED that, by April 22, 2026, a representative of Jordan's estate shall file a motion for substitution in accordance with Fed. R. Civ. P. 25(a)(1) or seek an

extension of time in which to file a motion for substitution.  "Courts have held that difficulty in appointing an administrator warrants an extension of time under Fed. R. Civ. P. 6(b)(2) where there was a prompt application for such an appointment under Fed. R. Civ. P. 25." *Kernisant v. City of New York*, 225 F.R.D. 422, 432 n.16 (E.D.N.Y. 2005); *see also Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998) ("[I]f there was an inability or a significant difficulty in identifying [the decedent's] legal representative or successor, a motion could be brought under Rule 6(b) to enlarge the time in which to file the motion for substitution."); *Freedom Mortg. Corp. v. Williams*, No. 19-CV-4123, 2022 WL 866854, at *2 (E.D.N.Y. Mar. 23, 2022) ("[D]espite the seemingly mandatory dismissal language of Rule 25, courts may extend the time to move for substitution, pursuant to Rule 6(b) of the FRCP, on motion made after the time has expired if the party failed to act because of excusable neglect." (internal quotation marks omitted)).

IT IS FURTHER ORDERED that Defendant Fidler's request for leave to brief a motion to dismiss or a motion under Fed. R. Civ. P. 21, (Doc. 209), is DENIED without prejudice to refile after the stay in this case is lifted.

IT IS FURTHER ORDERED that, by April 22, 2026, the SEC shall file a letter advising whether it intends to pursue its claims for disgorgement and prejudgment interest against Defendant Jordan's estate.

SO ORDERED.

Dated:  March 31, 2026
        New York, New York

Vernon S. Broderick
United States District Judge

4