UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SECURITIES AND EXCHANGE                                     :
COMMISSION,                                                 :
                                                            :
                                   Plaintiff,               :        21-CV-7700 (VSB) (SN)
                                                            :
                   -against-                                :        **ORDER**
                                                            :
SIMON PIERS THURLOW, *et al.*,                              :
                                                            :
                                   Defendants.              :
                                                            :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

Before me is Defendant Roger Fidler's ("Fidler") motion under Fed. R. Civ. P. 72(a),

(Doc. 219), objecting to Magistrate Judge Sarah Netburn's February 9, 2026 order denying

Fidler's request to extend the fact discovery deadline up to and including April 17, 2026, (Doc.

215).  Also before me is Fidler's second motion under Fed. R. Civ. P. 72(a), (Doc. 229),

objecting to Magistrate Judge Netburn's March 5, 2026 order granting the Securities and

Exchange Commission's ("SEC") letter motion to compel Fidler to produce documents in native

format along with their associated metadata and attachments, (Doc. 227).  For the reasons that

follow, Fidler's motions are DENIED.

## I.        **Factual Background & Procedural History**[1]

On December 18, 2025, Magistrate Judge Netburn extended fact discovery from

December 22, 2025 to January 23, 2026 because Fidler had once again failed to complete his

belated document production to the SEC, despite repeated orders by Magistrate Judge Netburn

---

[1] I assume the parties' familiarity with the facts of this case as set forth in my opinion dated September 5, 2024,
(Doc. 51), and I provide only a brief discussion of the facts and procedural history necessary to explain my decision
below.

directing him to do so.  (Doc. 200 ("Given the delays in completing Mr. Fidler's production, the deadline to complete fact discovery shall be extended to January 23, 2026.").)  Magistrate Judge Netburn also ordered Fidler to file an affidavit by December 30, 2025 "confirming the completeness of Mr. Fidler's production and that all responsive materials were produced in an accessible native, electronic format."  (*Id.*)

After Fidler failed to file an affidavit by December 30, 2025, Magistrate Judge Netburn issued an Order to Show Cause on January 5, 2026, directing that "counsel for Mr. Fidler shall show cause in writing why he or Mr. Fidler, or both, should not be sanctioned for failing to comply with the Court's order" and "set forth, with clarity and specificity, what efforts were made to complete Mr. Fidler's production and address the production deficiencies raised by the SEC on December 17, 2025."  (Doc. 201.)  On January 5, 2026, Fidler's counsel filed a letter notifying the Court that Fidler's wife passed away on December 27, 2026 and that he intends to seek additional time regarding discovery.  (Doc. 202.)  Accordingly, Magistrate Judge Netburn ordered counsel for Fidler to "provide a status update on the completion of Mr. Fidler's production and the scheduling of his deposition by no later than Monday, February 2, 2026." (Doc. 203.)

On February 2, 2026, Fidler filed a letter stating that he is "continuing to recover from the death of his wife and is trying to resume some activities" but he "believes his deposition can proceed within the next two months and that he can complete all discovery within the same time frame." (Doc. 211.)  Fidler also requested to extend the deadlines to complete fact and expert discovery to April 17, 2026.  (*Id.*)  On February 5, 2026, the SEC filed an opposition to Fidler's request to extend the fact and expert discovery deadlines and asked Magistrate Judge Netburn to compel Fidler to complete his outstanding document production by February 25, 2026 and

appear for his deposition on or before March 11, 2026.  (Doc. 212.)  On February 9, 2026, Magistrate Judge Netburn issued an order requiring Fidler to complete his outstanding document production by February 25, 2026 and to appear for his deposition by March 11, 2026.  (Doc. 215.)

On February 25, 2026, Fidler filed a motion objecting to Magistrate Judge Netburn's order under Fed. R. Civ. P. 72(a) and, alternatively, to "recommit this matter to Judge Netburn to reconsider her decision at ECF Doc. No. 215 under Fed. R. Civ. P. 72(b)(3)," (Doc. 219), along with a memorandum in support, (Doc. 220).  On that same day, Fidler filed a status update on his production of documents, stating that he "has completed production of documents in this matter as of 25 February 2026 and provided the same to the SEC" and that his "deposition is scheduled for 11 March 2026."  (Doc. 221.)  However, on March 5, 2026, the SEC filed a letter motion requesting that Magistrate Judge Netburn order Fidler "to produce his emails, including the documents he produced on December 12, 2025, in native format along with their associated metadata and attachments" because "the overwhelming majority of Fidler's production consists of HTML strings, image or PDF files."  (Doc. 226 at 1–2.)  On that same day, Magistrate Judge Netburn issued an order granting the SEC's letter motion to compel and directing Fidler to produce his emails "in native format along with their associated metadata and attachments" by March 9, 2026.  (Doc. 227.)  The order also noted that "Fidler has been repeatedly delayed in completing his production and he was previously ordered to complete his outstanding document production before his March 11, 2026 deposition."  (*Id.* (citing Doc. 215).)

On March 6, 2026, the SEC filed an opposition to Fidler's first motion objecting to Magistrate Judge Netburn's February 9, 2026 order.  (Doc. 228.)  The SEC argues that Fidler's first Rule 72 motion should be denied because it is untimely, Magistrate Judge Netburn's

decision was neither clearly erroneous nor contrary to law, and Fidler fails to demonstrate good cause to reopen discovery under the applicable six-factor test governing motions to reopen discovery. (*Id.* at 1.) On March 17, 2026,[2] Fidler filed his reply in support of his first motion objecting to Magistrate Judge Netburn's February 9, 2026 order. (Doc. 231.) Fidler asserts that his first Rule 72 motion is timely, he demonstrates good cause, and Magistrate Judge Netburn "erred as a matter of law." (*Id.* at 1 (capitalization altered).)

On March 9, 2026, Fidler filed a second Rule 72 objection, (Doc. 229), objecting to Magistrate Judge Netburn's March 5, 2026 order, (Doc. 227), granting the SEC's motion to compel, (Doc. 226). Fidler states that he "does not possess the emails the SEC seeks," and that "[i]nstead, those emails are possessed by the SEC's witness, Edward Da Parma." (Doc. 230 at 1.) Fidler further asserts that he "cannot produce all emails in native format because he cannot simultaneously produce these emails in native format and preserve attorney-client privilege to which these emails are subject," which is why, he claims, he "provided the same emails in PDF format that gives the SEC what it seeks while also preserving attorney-client privileged information." (*Id.* at 2.) On March 17, 2026, the SEC filed an opposition to Fidler's second Rule 72 objection, arguing that Magistrate Judge Netburn's March 5, 2026 order was not clearly erroneous or contrary to law because Magistrate Judge Netburn "ordered Fidler to produce his native electronic documents" "[o]n six separate occasions since July 29, 2025" and Fidler recently confirmed in his March 11, 2026 deposition that he possesses native documents that he has not produced to the SEC. (Doc. 232.)

---

[2] According to the docket, Fidler's reply in support of his first motion objecting to Magistrate Judge Netburn's February 9, 2026 order was filed on March 17, 2026 at 0:00 AM EDT. (Doc. 231.) Since the SEC timely filed its opposition on March 6, 2026, (Doc. 228), Fidler's reply was due on March 13, 2026, *see* Local Civ. R. 6.1(b) ("any reply papers must be served within seven days after service of the answering papers"). Nonetheless, I will consider Fidler's belated reply.

## II.    Legal Standard

A magistrate judge's discovery orders are generally considered "nondispositive" of the litigation.  *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *E.E.O.C. v. First Wireless Grp., Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004) ("[D]iscovery matters are generally considered non-dispositive and thus governed by Rule 72(a).").  When a party objects to a magistrate judge's non-dispositive order, the district court must review the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  An order is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (internal quotation marks omitted).  This standard of review is "highly deferential," *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013), and "magistrates are afforded broad discretion in resolving discovery disputes," *MASTR Adjustable Rate Mortgs. Tr. 2006-OA2 v. UBS Real Estate Secs. Inc.*, No. 12-CV-7322, 2013 WL 6840282, at *1 (S.D.N.Y. Dec. 27, 2013) (internal quotation marks omitted).  "A magistrate judge's resolution of discovery disputes deserves substantial deference and is overruled only if there is an abuse of discretion."  *E.E.O.C. v. First Wireless Grp., Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (internal quotation marks omitted).

A party may serve and file any objections to a magistrate judge's ruling on a non-dispositive matter within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(a).

5

III.    **Discussion**

A.    *Timeliness*

Before turning to the merits of Fidler's objection, I first consider whether the objections were timely filed.  Under Rule 72(a), parties have fourteen days to file written objections to a magistrate judge's non-dispositive ruling, Fed. R. Civ. P. 72(a), and failure to do so timely waives further judicial review.  *See Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam) ("We have adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."). Magistrate Judge Netburn issued her order denying Fidler's request for an extension on February 9, 2026, and issued her order granting the SEC's motion to compel Fidler's production on March 5, 2026.  (*See* Docs. 215, 227.)  Accordingly, Fidler's objection to Magistrate Judge Netburn's March 5, 2026 order is timely, because he filed his objection four days later on March 9, 2026, (Doc. 229).  However, Fidler waived his right to object to Magistrate Judge Netburn's February 9, 2026 order because he objected to that order on February 25, 2026, (Doc. 219)—16 days[3] after the order was issued—and therefore I could end my inquiry here with regard to Magistrate Judge Netburn's February 9 order.

However, the waiver rule is non-jurisdictional, and I "may excuse the default in the interests of justice."  *Thomas v. Arn*, 474 U.S. 140, 155 (1985).  "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting

---

[3] Fidler asserts that his first motion objecting to Magistrate Judge Netburn's February 9, 2026 order is timely because it was filed on February 24, 2026 and "Fed. R. Civ. P. 6(a)(1)(A) expressly requires courts to 'exclude the day of the event that triggers the period.'"  (Doc. 231 at 1.)  Although Fidler is correct regarding the computation of time provided in Fed. R. Civ. P. 6(a)(1)(A), Fidler's motion was filed on February 25, 2026 at 0:00 AM EST, (Doc. 219), and the memorandum of law in support of that motion was filed on February 25, 2026 at 0:01 AM EST, (Doc. 220).  Accordingly, his first Rule 72 motion is untimely as it was filed on February 25 and not February 24.

6

party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). In the "interests of justice," *Thomas*, 474 U.S. at 155, I will excuse the belated objection and consider Fidler's objections on the merits.

**B.    *Fidler's Motion to Extend Discovery and the SEC's Motion to Compel Fidler's Production***

Fidler has not met the "heavy burden" of showing that Magistrate Judge Netburn's orders are "clearly erroneous or contrary to law." *Khatabi v. Bonura*, No. 10-CIV-1168, 2017 WL 10621191, at *3 (S.D.N.Y. Apr. 21, 2017).

Discovery in this matter began in October 2024, (*see* Docs. 87–90), and Magistrate Judge Netburn issued several orders on various discovery disputes between the SEC and Fidler since July 2025 following the SEC's first letter motion to compel. (*See* Docs. 169–170, 174, 177, 182, 185, 188, 193, 198, 200, 215, 227.) Indeed, Magistrate Judge Netburn granted multiple extensions of the initial August 20, 2025 fact discovery deadline, (Doc. 139), which was ultimately adjourned seven times: to October 8, 2025, (Doc. 176), to November 7, 2025, (Doc. 190), to the number of days that SEC counsel was furloughed due to the lapse in government funding, (Docs. 193, 196), to December 12, 2025, (Doc. 198), to December 30, 2025, (Doc. 200), to February 2, 2026, (Doc. 203), and to, most recently, February 25, 2026, (Doc. 215). Thus, fact discovery in this case stretched for sixteen months and was ultimately extended by six months from its initial date of August 20, 2025 to February 25, 2026. Fact discovery remained open past February 25, 2026 solely for Fidler's deposition, which took place on March 11, 2026.

Magistrate Judge Netburn's February 9, 2026 order denying Fidler's request to extend the deadline for an additional ten weeks noted that the request was denied "[g]iv[e]n the ongoing delays with completing Fidler's discovery." (Doc. 215.) Although I am mindful and express my condolences to Fidler and his family for their loss, Fidler's failure to adhere to set discovery

deadlines cannot be excused.  Despite Fidler's assertion to the contrary, (Doc. 220 at 3–4), Fidler failed to demonstrate good cause for further extensions of the already prolonged discovery which was already extended by seven months, largely due to discovery issues with Fidler's production and failure to comply with several of Magistrate Judge Netburn's discovery orders.

Moreover, although Fidler confirmed that he completed his production of documents, (Doc. 221), he requests an extension of the discovery deadline "to allow him to conduct discovery in this matter," (Doc. 220 at 2), despite the fact that, according to the SEC, "Fidler, a practicing attorney who is himself represented by counsel, has yet to serve a single discovery request and has taken no depositions," (Doc. 212 at 1; *see also* Doc. 228 at 1 ("Fidler was represented by counsel for more than half of the discovery period—since April 2025—and, as a practicing attorney himself, filed multiple letters and motions in this case, and even represented other Defendants.  Fidler nonetheless served not a single discovery request and took not a single deposition.")).  Fidler asserts that he has demonstrated good cause given his health issues and the recent death of his wife.  (*See* Doc. 220 at 3–4.)  Specifically, Fidler points to the fact that his counsel only appeared in this matter on April 17, 2025, "when the SEC was conducting discovery," and his counsel has since then "attended the various depositions that had been scheduled, read lengthy discoveries given during the Wells Process, and reviewed documents that were available to get a sense of the case," and "made substantial progress and has developed discovery, including request [sic] for production of documents, requests for admissions, and interrogatories that go the essence of defenses that Mr. Fidler can assert."  (*Id.* at 3.)  However, Fidler's counsel notes that after Fidler's wife became ill, Fidler had to tend to her, and she passed away "on the eve of discovery."  (*Id.*)  Fidler's objection fails to attach the "developed discovery, including request [sic] for production of documents, requests for admissions, and interrogatories

that go the essence of defenses that Mr. Fidler can assert," (*id.*), describe the affirmative discovery he requests to seek and explain how it would lead to relevant evidence, or explain the delay in his pursuit of affirmative discovery or why he did not pursue the affirmative discovery within the sixteen months that he had to do so, including the ten months during which he had retained counsel. Fidler's "asserted reason for further extending discovery is solely the result of [his] unilateral failure to seek discovery in a timely manner." *Albin v. Cosms. Plus, N.Y., Ltd.*, No. 97-CV-2670, 1999 WL 111928, at \*3 (S.D.N.Y. Mar. 3, 1999) (stating that a Magistrate Judge's denial of the defendants' request to "further extend discovery" because the defendants "simply failed to show good cause" where they had "approximately eighteen months to conduct discovery, [and] literally waited until two days before the discovery cut-off to take plaintiff's deposition" was "wholly reasonable" and the defendants did not show that the Magistrate Judge "abused his discretion, nor demonstrated that his ruling is clearly erroneous (nor attempted to show that the ruling is contrary to law)").

Fidler further objects to Magistrate Judge Netburn's decision to grant the SEC's letter motion to compel Fidler's production of his emails, including the documents he produced on December 12, 2025, in native format along with their associated metadata and attachments, (Doc. 227), because the motion was granted prior to Fidler filing a response and because he "does not possess the emails the SEC seeks," (Doc. 230 at 1–2). Magistrate Judge Netburn has repeatedly ordered Fidler to produce documents in their native, electronic format since July 2025. (*See* Doc. 177 at 2–3 (July 29, 2025 order providing: "To the extent Fidler previously produced email that he received electronically, he must immediately produce such communications (and any attachments) in native format. . . . Fidler's alleged lack of 'tech savvy' is not a basis to withhold such information, and Counsel is obligated to facilitate such

9

production.  The SEC need not subpoena other individuals to gather documents it can receive from a party.  Counsel shall comply with this Order and provide a declaration to the Court by August 8, 2025, confirming that Counsel has directly facilitated the production of 'electronic versions of previously produced documents.'  If there are specific documents that were previously produced and are not available in native format, Counsel shall so state with specificity in the declaration."); Doc. 185 (August 26, 2025 Order to Show Cause directing counsel for Fidler to show cause "by September 5, 2025, why Mr. Fidler or [his counsel], or both, should not be sanctioned for failing to produce documents stored electronically in their native format"); Doc. 188 (September 9, 2025 order directing the parties "to meet and confer to discuss the SEC's request for the production of electronic versions of previously produced documents"); Doc. 193 (October 8, 2025 order directing Fidler "to produce all remaining documents responsive to the SEC's document requests in their native, electronic format by no later than Thursday, October 23, 2025.  Imaged files of any emails forwarded to Mr. Fidler's counsel will not suffice—Mr. Fidler must produce to Plaintiff the native versions of those emails."); Doc. 198 (December 4, 2025 memo endorsement directing Fidler to "complete his production of additional responsive materials," including the SEC's request for certain emails in electronic format, "by December 12, 2025"); Doc. 200 (December 18, 2025 order directing Fidler "to complete his production of responsive documents in native, electronic format by no later than December 30, 2025" and noting that "counsel for Roger Fidler is also directed to file an affidavit confirming the completeness of Mr. Fidler's production and that all responsive materials were produced in an accessible native, electronic format"); Doc. 215 (February 9, 2026 order in response to the SEC's letter requesting Fidler to complete his document production, including native, electronic files, (Doc. 212), directing Fidler to complete his production by February 25, 2026); Doc. 227 (March

10

5, 2026 order directing Fidler "to produce his emails, including the documents he produced on December 12, 2025, in native format along with their associated metadata and attachments . . . before his March 11, 2026 deposition").)

Thus, Fidler had multiple opportunities since July 2025 to explain himself and respond to the SEC's multiple letters and motions to compel regarding the production of native documents. Indeed, Fidler has filed multiple responses to the SEC's letters and Magistrate Judge Netburn's orders, including two orders to show cause. (*See* Doc. 173 (Fidler's July 12, 2025 response to the SEC's July 8, 2025 motion to compel); Doc. 174 (Magistrate Judge Netburn's July 21, 2025 order directing Fidler to respond to the SEC's motion to compel); Doc. 175 (Fidler's July 22, 2025 response to the SEC's July 10, 2025 motion to compel); Doc. 181 (Fidler's August 8, 2025 letter seeking an extension to file the Court-ordered declaration confirming that counsel has facilitated the production of electronic versions of documents); Doc. 183 (Fidler's counsel's August 18, 2025 affidavit regarding the production of documents); Doc. 185 (Magistrate Judge Netburn's August 26, 2025 Order to Show Cause directing Fidler and Fidler's counsel to file an affidavit to show cause why they should not be sanctioned for failing to produce documents stored electronically in their native format); Docs. 186 and 187 (Fidler's counsel and Fidler's September 5, 2025 affidavits in response to Magistrate Judge Netburn's August 26, 2025 Order to Show Cause); Doc. 194 (Fidler's counsel's October 23, 2025 affidavit in response to Magistrate Judge Netburn's October 8, 2025 order to "produce all remaining documents responsive to the SEC's document requests in their native, electronic format no later than Thursday, October 23, 2025" and directing Fidler's counsel to "file an affidavit certifying that he has complied with [the October 8, 2025] Order in good faith and that Mr. Fidler's production is complete after a reasonable and diligent search through his records"); Doc. 201 (Magistrate

11

Judge Netburn's January 5, 2026 Order to Show Cause directing Fidler's counsel to file an affidavit confirming completeness of Fidler's production in an accessible native, electronic format); Doc. 202 (Fidler's counsel's January 5, 2026 letter in response to Magistrate Judge Netburn's January 5, 2026 Order to Show Cause); Doc. 203 (Magistrate Judge Netburn's January 8, 2026 memo endorsement directing Fidler to provide an update on the completion of his production by February 2, 2026); Doc. 211 (Fidler's February 2, 2026 letter regarding the status of discovery and requesting an extension of fact discovery).) Moreover, despite Fidler's recent declaration certifying that he "has completed production of documents in this matter as of 25 February 2026 and provided the same to the SEC," (Doc. 221), the SEC asked Fidler in his March 11, 2026 deposition whether he "still [has] native documents on [his] devices that [he has] not yet produced in native form" and Fidler responded in the affirmative, (Doc. 232 at 5).

Based on Fidler's previous responses over the last seven months on the same discovery issue, Fidler's continued failure to comply with Magistrate Judge Netburn's multiple orders directing him to produce documents in their native format, Fidler's February 25, 2026 declaration certifying that he completed his document production," (Doc. 221), the closing of fact discovery (other than for Fidler's deposition) on February 25, 2026, and Fidler's admission in his recent March 11, 2026 deposition that he "certainly" had "the vast majority" of native files for certain documents that have not been produced to the SEC, (Doc. 232 at 4–5), I do not find that Magistrate Judge Netburn's decision on the SEC's motion to compel prior to Fidler's response was an abuse of discretion, clearly erroneous, or contrary to law. Magistrate Judge Netburn decided the SEC's most recent motion to compel—filed 8 days after Fidler confirmed that he completed his document production, (*see* Docs. 221, 226)—after numerous discovery extensions and orders on motions to compel. Indeed, I find that Magistrate Judge Netburn was

12

more than patient and gave Fidler ample opportunity to comply with her orders and his discovery obligations.

Magistrate Judge Netburn has been overseeing discovery and general pretrial matters in this case for over sixteen months, (*see* Docs. 87, 90), and her February 9, 2026 and March 5, 2026 orders are the product of briefing and letters by and conferences with the parties. Therefore, I defer to Magistrate Judge Netburn's determination to deny Fidler's discovery extension request and grant the SEC's motion to compel Fidler's discovery given the length of time that discovery has been delayed for, Fidler's repeated failure to comply with Court orders regarding discovery, and Fidler's inability to demonstrate good cause for why he failed to seek affirmative discovery within the sixteen-month discovery period. *See Khatabi*, 2017 WL 10621191, at *3 (noting that the clearly erroneous standard of review is a "highly deferential standard, and the objector thus carries a heavy burden"). Magistrate Judge Netburn's decisions are well-reasoned and Fidler does not even attempt to argue that the orders are an abuse of discretion, clearly erroneous,[4] or contrary to law, so I must affirm them.

---

[4] Fidler's March 17, 2026 reply in support of his first objection includes a heading for a paragraph stating "Mr. Fidler States Good Cause and The Magistrate Judge Erred as a Matter of Law" but the paragraph that follows solely discusses Fidler's alleged good cause, and does not include any argument regarding how Magistrate Judge Netburn may have "erred as a matter of law." (Doc. 231 (capitalization altered).)  Instead, this paragraph solely focuses on Fidler's counsel's attempts "to get up to speed quickly" and "work[ing] tirelessly to understand the nuances of the case," the case being "factually complex," and Fidler's health "substantially limited [his] availability to participate with counsel." (*Id.*)  Thus, Fidler argues, that "the Court erred in failing to extend the discovery deadline because his reasons are cogent and the SEC cannot demonstrate that they will suffer prejudice." (*Id.*)  This is plainly insufficient to demonstrate that Magistrate Judge Netburn's February 9, 2026 order is "clearly erroneous."

### IV.    <u>Conclusion</u>

For the foregoing reasons, Fidler's motions objecting to Magistrate Judge Netburn's

February 9, 2026 order and March 5, 2026 order are OVERRULED.

The Clerk of Court is respectfully directed to terminate Doc. 219 and Doc. 229.

SO ORDERED.

Dated: March 31, 2026
     New York, New York

Vernon S. Broderick
United States District Judge